# JANUARY TERM, 1841.

### No. I.

### Bailey v. Haddy, Administratrix, etc.

(See Note 9.)

*Appeal from Austin County.*

HUTCHINSON, Justice.—The appellee sued the appellant in the District Court of Austin County, for a trespass in burning her dwelling, etc. The answer denied the petition generally. Verdict and judgment were rendered for the plaintiff, from which the defendant appeals. With the transcript there is a statement without date or reference to the court, but certified by the judge as containing, *in substance,* the testimony given at the trial. For the appellant it is urged that the plaintiff did not show title or possession, the proof being that Elizabeth Haddy's house was burnt, and her claim being in a fiducial character. For the appellee it is insisted that the evidence supports the petition;

---

will be presumed from the fact that a headright certificate was granted by the proper authority, that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid, if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460.

and if not, that a new trial ought to have been asked, and that being omitted, the verdict should not be disturbed.

The plaintiff claims in her petition the dwelling, etc., as belonging to the succession she represented, and that to it the entire injury resulted. If the statement could be properly taken as an appendix to the transcript, it professes only to give the testimony in substance and not in detail. If it had been certified to contain all of the facts proved, or that there was no other evidence, or that the plaintiff in any specified particular had failed by proof to sustain her petition, we should have some tangible matter on which to question the verdict. If objection to the relevancy or sufficiency of proof was made below, it does not appear here; and if indeed none was made, why interrupt the verdict? There was evidence that an injury was committed to the plaintiff, either in her natural or fiduciary capacity, which she averred was to her in the latter; and by her suit and recovery in the latter she became precluded from subsequent recovery in the former capacity. In an appellate court, no presumption against a verdict is indulged, whilst all reasonable inferences in support of it are allowable.

There are also other important principles on whose application this cause depends—principles arising from the structure, powers, and course of this court and the necessity of a compatible practice in the subordinate tribunals. By the Constitution, article 4, section 8, this court is invested with appellate jurisdiction only; but that (according to the original instrument itself) is to be *coextensive* with the Republic. By the Act of December 15, 1836, section 3, page 79, it is to hear and determine all causes and controversies, civil and criminal, removed from the subordinate courts, by appeal, or other legal process, and which are cognizable here according to the Constitution and laws. The ninth section of that act directed that in all cases of appeal the trial should be on the facts as found by a jury; and if not sufficiently stated, that the cause should be remanded for new trial. The Act of December 22, 1836, section 46, page 211, required the facts to be so found and reported in the verdict, to be made part of the record; that on an appeal, the facts so found should be conclusive; and that the judgment of the appellate court should be rendered thereon. This last section, however, was repealed by the Act of December 18, 1837, section 6, page 95. The Act of February 5, 1840, section 12, page 89, requires the decision here to be as if there had been no defect of form, provided the record presents sufficient matter of substance to enable the court to decide the cause on its merits, and provided that no prejudice be done to the parties in their

---

**Note 6.**—Mann v. Thruston, p. 370.

Errors not objected to in trial court can not be raised on appeal. Edwards v. Peoples, Dal., 359; Bailey v. Hardy, Dal., 376; Wescott v. Menard, Dal., 503; Darly v. Chevallier, Dal., 555; Hansborough v. Towns, 1 T., 58; Crosby v. Houston, 1 T., 203; Burton v. Anderson, 1 T., 93; O'Connor v. Towns, 1 T., 107; Jones v. Black, 1 T., 527; Cloud v. Smith, 1 T., 611; Swenson v. Walker, 3 T., 93, 110; Hopkins v. Donaho, 4 T., 336; Coles v. Perry, 7 T., 109; Davenport v. Lackie, 8 T., 351; Pierson v. Burney, 15 T., 272; Shelby v. Burtis, 18 T., 644; Bullock v. Hayter, 24 T., 9; Robinson v. Mattison, 25 T. Supp., 451; Elliot v. Mitchell, 28 T., 105; Allen v. Traylor, 31 T., 124; Andrews

right to a trial by jury. The ninth and eleventh declarations of right declare, that the right of trial by jury shall remain inviolate; and that all courts shall be open, and a remedy afforded the citizen for any injury to his estate, person or reputation. By the Constitution, article 4, section 13, Congress was required to adopt the common law; the Act of December 20, 1836, section 41, page 156, adopted it in relation to juries and evidence; and the Act of January 20, 1840, section 1, page 3, adopted that body of law generally, where not inconsistent with the Constitution and statutes mentioned. By the first section of the Act of December 18, 1837, page 94, the trial here is to be *on the facts as agreed on or certified by the judge of the court below;* and if not so fully and clearly stated as to enable this court to give its judgment, the cause is to be remanded. The thirty-seventh section of the Act of February 5, 1840, page 92, now requires the facts to be agreed on, or certified before the rising of the court below.

From these constituent and legislative provisions we deduce:

1. This court is exclusively an appellate tribunal, constituted and required to review and correct the errors of the courts of original jurisdiction in their application of the laws, and to conform the verdicts of juries to those rules of civil conduct, exerting control over verdicts with great caution and never to the denial of the redress, or exoneration afforded by them, except in plain instances of illegality or abuse. This principle may require a brief illustration. The idea imported by the term *appellate jurisdiction* is clearly expressed by a learned American jurist: "An appeal is a process of civil law origin, and removes a cause entirely, subjecting the facts as well as the law to a review and retrial. A writ of error is a process of common law origin, and it removes nothing for re-examination but the law. The former mode is usually adopted in cases of equity and admiralty jurisdiction; the latter, in suits at common law tried by a jury." 3 Story's Com. Eq., 627. Our statute in reference to the mode of removing causes into this court, by using the terms, "by appeal or other legal process," evidently contemplated some other mode than that by appeal; but considering that the common law, in regard to civil prosecution, except as to the pleadings and where a legislative provision intervenes, has been introduced, the writ of error may be regarded as a process of removal; though to what extent, or under what regulation and limitations, need not be here decided. The only mode mentioned in the statutes is that by appeal; and in order to give to this court the indispensable revisory power over the action of the courts below, that mode must embrace all the functions of a writ of error as well as those of an appeal in its most restricted sense. In

v. Jones, 36 T., 149; Hughes v. Roper, 42 T., 116; Carter v. Eames, 44 T., 544; Johnson v. Blunt, 48 T., 38; Ragsdale v. Robinson, 48 T., 379; Life Ins. Co. v. Ray, 50 T., 511; Urquhart v. Womack, 53 T., T., 616; Brooks v. Clark, 57 T., 105; Caruth v. Grigsby, 57 T., 259; Farley v. Deslonde, 58 T., 588; Long v. Garnett, 59 T., 229; Langton v. Marshall, 59 T., 269; Flanagan v. Pearson, 61 T., 302; Gaines v. Nat. Exchange Bank, 64 T., 18; Ford v. Cowen, 64 T., 129; Blum v. Golden, 66 T., 621; Cannon v. Cannon, 66 T., 682; Tevis v. French, 71 T., 59; Ellis v. Garvey, 76 T., 371; Shornick v. Bennett, 77 T., 244;

regard to the facts, they are no longer imperatively to be found by a jury, but are to be agreed on or certified. The Act of 1840 puts causes in this court broadly on their merits with the limitation ever to be regarded, that trial by jury is to remain inviolate.

2. When, in the court below, a jury intervenes, their verdict may be general; or, according to common law, they may find the facts specially, and submit to the court what shall be the result. If the verdict be general and a review of it is desired, and the evidence on which it is rendered shall be required in the review, it ought to be clearly and fully agreed on, or certified.

3. If on a trial the law be given to the jury in favor of a party and the verdict is against that party, he ought, if he feels aggrieved, to apply for a new trial. That remedy is immediate and less expensive than a resort to this court. If, contrary to what would be probable in such case, the application is rejected, still the grounds of it, the evidence, if involved in the question and the action of the court, can be removed here for review.

4. When, on a trial below, the opinion or action of the court is adverse to a party and he deems it erroneous, he will not be considered at fault for not asking a new trial, but should save the questions or points and evidence involved and resort to this court; or ask a new trial, and if refused, resort here.

5. But when there is a general verdict, without any point or question raised below, as is the case now in consideration—and after looking into the record, as we must, and as we have done in this instance, we perceive no substantial ground of illegality or injustice; the verdict ought to be sustained; a vague statement of the testimony ought not to overturn it. The statutes referred to, of later date than the judgments below, have no influence on the result of this opinion. It was, before the verdict, and still is a prominent policy of our municipal system to afford to the suitor the benefit of the verdict of the peers of his vicinage, who have before them the witnesses in person, and who can derive—and justly, too—conclusions from facts and circumstances which the judge may overlook, or not remember, or be quite unable to transmit in any graphic representation. To reverse a judgment on the facts only as certified, they ought to be certified as the only facts proved; and then the illegality or abuse of the verdict ought to be manifest. The institution of jury trial has perhaps seldom or never been fully appreciated. It has been often eulogized in sounding phrase, and often decried and derided. An occasional corrupt or biased or silly verdict is not enough for condemnation; and when it is said the institution interposes chances

Brown v. Perez, 79 T., 157; Cason v. Conner, 83 T., 26; Hanrick v. Curley, 93 T., 458; Lytle v. Custead, 4 T. C. A., 490; Baker v. Collins, 4 T. C. A., 520; Spencer v. James, 10 T. C. A., 327; Eastham v. Sims, 11 T. C. A., 133; Prestage v. Loving, 1 App. C., sec. 707; Adams v. Duggan, 1 App. C., sec. 1268; Sears v. Green, 1 U. C., 734. Errors must be presented by bill of exceptions. Secrest v. Townsend, 1 T., 414; Hobbs v. State, 44 T., 353; I. & G. N. Ry. Co. v. Stewart, 57 T., 166; Martin-Brown v. Wainscott, 66 T., 131; Hays v. Dean, 66 T., 663; Kahanek v. Railway, 72 T., 476; Davis v. State, 75 T., 420;

of justice and checks against venality and oppression, the measure of just praise is not filled. Its immeasurable benefits, like the perennial springs of the earth, flow from the fact that considerable portions of the communities at stated periods are called into the courts to sit as judges of contested facts, and under the ministry of the courts to apply the laws. There the Constitution and principles of the civil code are discussed, explained and enforced, and the jurors return into the bosom of society instructed and enlightened, and disseminate the knowledge acquired; and do we not perceive, without further illustration, that to these nurseries of jurisprudence and of the rights of man, more than to all other causes, the Anglo-Saxon race has been pre-eminent for free institutions and all the political, civil and social virtues that elevate mankind? Let us then preserve and transmit this mode of trial not only inviolate, but if possible purified and perfected.

This cause coming on to be heard on the transcript of the record and certified evidence, and the same being inspected and the arguments of counsel heard, because it seems to the court that there is no error and that the verdict and judgment herein in the court below ought to be sustained, it is therefore considered by the court that the same be in all things affirmed, and that the appellee recover of the appellant her costs in this behalf in this court expended. Let this affirmance be certified below for execution.

*Affirmed.*

## No. II.

### STAFFORD v. PERKER.

*Remanded for a rehearing.*

TERRELL, JUSTICE.—In this case there is too much vagueness and uncertainty in the record to enable this court either to affirm or reverse the judgment of the court below, or to enable the court here to pronounce such judgment as that court should have given.

The finding of the jury was both imperfect and defective. The judgment of the court upon that finding extends only to the costs of the suit, and says nothing about the property in controversy. Under this state of things, therefore, this court can do nothing except to send the case back for a rehearing; and if either party suffer injury by it, he may censure himself or his counsel for bringing into this court a cause in such condition that the court can take no action upon it. The costs to abide the final result of the suit.

*Remanded.*

---

T. & P. Ry. Co. v. Evans, 2 U. C., 318; Adams v. Duggan, 1 App. C., sec. 1268.

**Note 7.**—Allen v. Ward, p. 371.

Judgment should be entered on verdict before appeal is taken. Warren v. Shuman, 5 T., 441, 450. An appeal lies only from a final judgment. East and West Texas Lumber Co. v. Williams, 71 T., 444; Davis v. Martin, 15 T.

## No. III.

### BOARD OF LAND COMMISSIONERS OF NACOGDOCHES COUNTY V. JAMES REILY, ASSIGNEE.

(See Note 10.)

*Appeal from Nacogdoches County.*

HEMPHILL, CHIEF JUSTICE.—The appellee in this case, as the assignee of various individuals, applied to the board of land commissioners for the county of Nacogdoches for certificates for the claims to land to which he alleged his assignors were respectively entitled as the grantees of orders of survey, obtained according to the laws of the country. The application being rejected, an appeal was taken to the district court, and during the pendency of the case before that tribunal, the following agreement was entered into between James Reily, the appellee in this court, and Charles S. Taylor, the district attorney of the Fifth Judicial District, viz: "It is agreed that in all the land cases now on docket of the District Court of Nacogdoches, wherein James Reily has sued the board of land commissioners, either as assignee or attorney, upon orders of survey with field notes annexed, the following points shall be considered as established: 1. That the order of survey was obtained from a legally authorized commissioner, and the survey made by a legally authorized surveyor, and that the section of the general provisions of the Constitution which recites 'that all orders of survey legally obtained by any citizen of the Republic from any legally authorized commissioner, prior to the act of the late Consultation closing the land offices shall be valid,' has been complied with. 2. That he is the regular purchaser or attorney of the original grantee, and entitled as assignee or attorney to sue the board of land commissioners for a certificate; provided such admission of right in said Reily to sue does not go in avoidance of any duty or obligation that may by operation of law have devolved upon or become obligatory upon the grantee. 3. That these are the questions to be submitted to the court and jury: (1) That inasmuch as the original grantee has not complied with the requirements of the twelfth section of the land law of 1837, can the said Reily recover before the court a verdict against said board? (2) That an order of survey with field notes annexed do not constitute a legal title, and is not therefore the subject of transfer or assignment."—Dated October 3, 1839.

On the 15th of the same month two of the appeals were tried and verdicts found for the said Reily. On the 17th a third was tried with a similar result; and on the same day an additional agreement was entered into, by which it was provided, "that all the foregoing cases men-

C. A., 62. If there is no final judgment the appeal should be dismissed. Martin v. Crow, 28 T., 613; Simpson v. Bennett, 42 T., 241; I. & G. N. Ry. Co. v. Smith County, 58 T., 74; Whitaker v. Gee, 61 T.. 217; Mignon v. Brinson, 74 T., 18. The record can not be amended after dismissal so as to show

tioned or referred to, being of the same nature and dependent on the same principles, the cause to be tried that day should decide all the others," the parties reserving to themselves the right of appeal, if desirous to take the same. Accordingly the record enumerates more than seventy cases, which it states came on to be heard, and upon which a general judgment was entered in favor of the said Reily. It states substantially "that the plaintiff and district attorney having submitted said causes without further argument to the court, the record and evidence being the same in all respects as in the three several causes tried at this term of the court between the same parties, which were submitted to the court and jury, and full argument had thereon, as will more fully appear by the agreement of the district attorney and the said plaintiff on file, all of which being fully considered by the court, it was adjudged and decreed that the said James Reily, assignee as aforesaid, do recover from the board of said commissioners certificates for the quantity of land respectively annexed to the names of each of the assignors mentioned in the foregoing cases; provided, the decision of this court, in the case of the said James Reily, assignee as aforesaid, be confirmed by the Supreme Court, upon the facts as by agreement between the said James Reily, assignee as aforesaid, and Charles Taylor, district attorney." The board of land commissioners appealed to this court from the verdicts and judgment in the court below.

It is urged by one of the counsel for the appellee that the agreement must govern the court, and we can not go beyond it. The question of the propriety or binding efficacy of this transaction will not be considered by this tribunal. It has not been resisted by the counsel employed for the Republic, and will therefore pass undisturbed. The appeal will be considered on the facts, or points admitted, as established in the court below; and the only question is, whether the facts, as established, authorized the jury in finding a verdict in favor of the appellee. What, then, were the points conceded by the admissions of the district attorney?

1. That the order of survey was obtained from a legally authorized commissioner, and the survey made by a legally authorized surveyor, and that the provision of the Constitution in relation to the validity of orders of survey had been fully complied with.

2. That the appellee is the regular purchaser or attorney of the original grantee, and entitled as assignee, or attorney, to sue the board of land commissioners for a certificate, provided such admission of right in said Reily to sue does not go in avoidance of any duty or obligation

---

final judgment. M. P. Ry. Co. v. Scott, 78 T., 360. Judgment is not final until motion for new trial is overruled. M. P. Ry. Co. v. Houston Flouring Mill Co., 2 App. C., sec. 573.

**Note 8.**—Andrews v. Andrews, p. 375.

    Charge of adultery does not prevent temporary allowance of alimony to plaintiff. Withee v. Withee, 50 T., 328. Our laws do not make provision for permanent alimony. Pape v. Pape, 13 T. C. A., 99. Order for alimony can not be enforced after refusal of divorce. Wright v. Wright, 6 T., 29; O'Haley v. O'Haley, 31 T., 502. It may be increased by appellate court on reversal of decree. Wiley v. Wiley, 33 T., 358. Injunction will lie to prevent husband from disposing of property for the purpose of avoiding payment of alimony. Wiley v. Wiley, 33 T., 358.

that may by operation of law have devolved upon or become obligatory upon the grantee. If any fact can be found in the third point it shows that the original grantee has not complied with the requirements of the land law of 1837.

But it is urged that the record does not reject the presumption that Reily made all the proof required by the twelfth section of the land law of 1837. We can not discover any solid foundation for such a presumption. The admissions were unquestionably liberal, but they can not be extended beyond the plain and obvious meaning of the terms in which they are expressed, to embrace other facts than those intended to be included therein. They must be confined to the points which in clear and unambiguous terms are conceded to be established.

Did, then, the facts admitted authorize the finding of the jury in the court below? We are clearly of opinion that they are insufficient to sustain the verdict. There are several material facts required to be proven by the twelfth section of the land law of 1837, which are not admitted and can by no fair inference be considered as proven. By that section of the law, persons claiming lands are required to swear that they were resident citizens of Texas at the date of the declaration of independence; that they did not leave the country during the campaign of the spring of 1836, to avoid a participation in the struggle, etc. They must also prove that they were actually citizens of Texas at the date of the declaration of independence, and have continued so to the time of making the application, etc. Persons claiming a grant to land by purchase must prove in the manner required by the act, that their vendors are actually entitled to said grants of land from the government, etc. "And all orders of survey of headrights, procured under the colonization laws previous to the declaration of independence, shall be submitted to the examination of the land commissioners, and the holders of the same, whether they be original claimants, their heirs or assignees, shall be subjected to the same formalities and requisitions in procuring said headrights, as pointed out for other individuals in the law." It is apparent from this section that where the grantee does not appear in person, his assignee must prove that the assignor has complied with the requirements of the law.

The record furnishes no evidence that the assignee in this case offered or attempted to make any such proof. Nothing is admitted but the legality of the orders of survey and the regularity of their assignments to applicant; and on these admissions it is clear that he was not entitled to the judgment of the court below.

Nor can it be maintained, as was urged, that it is unnecessary in

---

**Note 9.**—Bailey v. Haddy, Administratrix, etc., p. 376.

Adoption of the common law by Act of January 20, 1840 (Gammel's Laws of Texas, vol. 2, p. 177), brought with it the writ of error. Moore v. Harris, 1 T., 36. With us it is not the institution of a new suit but only a mode of appeal. Andrews v. Andrews, Dal., 427; Creek v. Rogers, 1 T., 440; Smith v. Gerlach, 2 T., 424; Luckett v. Townsend, 3 T., 119; Lacey v. Ashe, 21 T., 394; Rodgers v. Alexander, 35 T., 116; Hart v. Mills, 38 T., 513; Magee v. Chadoin, 44 T., 488; Harle v. Langdon, 60 T., 555; Moore v. Moore, 67 T.,

the district court to prove the facts which the statute requires to be established to the satisfaction of the board of land commissioners before a certificate can be obtained. The statute prescribes the conditions on which certificates shall issue, and these must be complied with, before any tribunal which has cognizance of the cause is authorized to decide in favor of the applicant.

But it was alleged, though not urged, that the twelfth section of the land law of 1837 was unconstitutional. Had there been a serious attempt to impugn the provisions of that section, as in contravention of any rights which may have been guaranteed to the appellee by the Constitution, it would have been the duty of this tribunal to have deliberated on and decided the question. But under the circumstances we have not thought it incumbent on us to take the matter into consideration. The appellee has not attempted to comply with any of the requirements of that section. Now it is obvious that many of the conditions there imposed are in entire accordance with the Constitution, and it is believed that none of the provisions of the two instruments are in conflict. But the point is left open for future discussion when it can be decided on solemn argument and mature deliberation.

It was also urged that under the twentieth section of the land law of 1837, the appellee was entitled to a certificate and patent. This position is untenable. The twentieth section requires the holder of an order of survey, before obtaining a patent, to produce a certificate from some board of land commissioners. This can not be obtained without making the proof required by law. The provisions of the two sections are in entire harmony and the obligations imposed by the one are neither removed nor diminished by the other.

It was contended that the eighth section of the act passed at the last session of Congress, "To detect fraudulent certificates," conferred a right upon the appellee, which was not taken away by the subsequent Act of the 5th of February, as the latter act did not go into effect until three days after the former.

That the latter act was not in force until three days after the former was in operation in all of its provisions, is a position which is questionable; but the whole question in relation to the conflict between these two acts is waived as unnecessary to the decision of this case. The right of appeal is guaranteed by the Constitution. The Legislature can not take it away from individuals; and it will not be considered as relinquished by the government unless express terms are used to that effect, or that is the legitimate inference to be deduced from the provisions of the subject. It was decided by this tribunal at its last ses-

293; T. T. Ry Co. v. Jackson, 85 T., 605; G. H. & W. Ry Co. v. Lacy, 7 T. C. A., 63; Hart v. State, 13 T. App., 555. As a general rule appellate courts only have appellate jurisdiction and powers incident thereto. Republic v. Laughlin, Dal., 412; Nash v. Republic, Dal., 631; Dewees v. Hudgeons, 1 T., 192; Chambers v. Hodges, 3 T., 517; Burke v. Mathews, 37 T., 73; City of Brownsville v. Basse, 43 T., 440; Bennett v. Waddell, 54 T., 273; Wells v. Marshall, 62 T., 28; Darnell v. Lyon, 85 T., 455. It is within the power of appellate courts to devise means to enforce their jurisdiction and to adopt

sion, that under the laws of the land the right of appeal was not taken away from the government when the verdict of the jury was in favor of the applicant in the trial, authorized by the sixteenth section of the land law of 1837. The opinion of this court has not been changed in relation to the correctness of that decision.

The appeal in this case was from a verdict a jury gave, under the sixteenth section of the land law of 1837. It had been taken long before the passage of the act "To detect fraudulent land certificates." By it, the verdict of the jury and the judgment of the court were suspended in their operation. It was before this court and fairly within its cognizance and could not be withdrawn by legislation, unless such was the plain and necessary import of the law in relation thereto.

It is unnecessary to express any opinion on the assignability of orders of survey. The suit was commenced under the land law of 1837, and that recognizes the power of the assignee to make the proof required by the statute.

The rendering of one general judgment on a number of separate causes, as was done in this instance, is an anomaly in the history of judicial proceedings; and we hope no similar entry will again be found in the records of our courts. The law provides that such appeals shall be tried before a jury, and the entering of judgment unless on their verdict is not justifiable.

As the appellee may have it in his power to establish the proofs required by the land law of 1837, we will not, in reversing the decision of the court below, proceed to enter the judgment here which should have been rendered by that court.

And as perhaps in the prosecution of these claims the parties may again appear before this tribunal, it must be understood that the whole of the facts, all of the evidence, whether documentary or oral, should be laid before this court. It is our duty to review causes already decided and on the facts on which the decisions were founded; not on partial or garbled statements, or on issues which might perhaps be made up to obtain the opinion of the court.

It is ordered, adjudged and decreed that the judgments of the court below, in all the cases enumerated in the record in this appeal, be reversed and set aside, and that a new trial be granted to the said appellee in all the said cases.

*Reversed and remanded.*

---

rules and mode of appeal when the statute is deficient. Wheeler v. State, 8 T., 228; Teas v. Robinson, 11 T., 774; St. Clair v. Hotchkiss, 28 T., 474; Simmons v. Fisher, 46 T., 126, 131; Vance v. State, 34 T. Cr., 395, 399. Judgment will not be reversed on ground that the verdict is not supported by the evidence where motion for new trial has not been made. Foster v. Smith, 1 T., 70; Reynolds v .Williams, 1 T., 311; Tarpley v. Poage, 2 T., 139, 152; Smith v. Sherwood, 2 T., 460, 464; Hart v. Ware, 8 T., 115; King v. Gray, 17 T., 62; Wilson v. Gordon, 20 T., 568; Pyron v. Grinder, 25 T. Supp., 159; Cain v. Mack, 33 T., 135; Jacobs v. Hawkins, 63 T., 1; Clark v. Pearce, 80 T., 146; Degender v. McLeary, 85 T., 171; Calbraith v. Townsend, 1 T. C. A., 447; Putnam v. Capps, 6 T. C. A., 610; I. & G. N. Ry. Co. v. Douglas, 7 T. C. A., 554; Sears v. Green, 1 U. C., 733. Errors not objected to in trial court can not be raised on appeal. Edwards v. Peoples, Dal., 359; Mann v. Thruston, Dal.,

## No. IV.

### WEEDE V. BOARD OF LAND COMMISSIONERS OF NACOGDOCHES COUNTY.

*Appeal from Nacogdoches County.*

HEMPHILL, CHIEF JUSTICE.—In this case the motion for rearguing the motion made at the last term is dismissed. And the appeal having come up without any statement of facts, or bills of exceptions, or any errors alleged, and therefore, according to the decisions of this court in other causes, no presumptions arising against the correctness of the verdict and judgment below, it is ordered, adjudged and decreed that the appeal be dismissed, and the appellee recover his costs in this court, on this behalf, expended.

*Dismissed.*

## No. V.

### HENRY RAQUET V. GEORGE A. NIXON.

**(See Note 11.)**

*Appeal from Nacogdoches County.*

HEMPHILL, CHIEF JUSTICE.—This was an action of attachment instituted by the appellant against the appellee, in the month of July, 1838. The writ of attachment issued, and was executed on the property of the defendant. The record furnishes no evidence that a citation to the defendant was issued or served in any of the various modes pointed out by law. The cause was not called before the fall term of the court in 1839, when a motion was made to dismiss the attachment on three grounds, which may, however, be resolved into one, viz., "that the petition and affidavit were not sufficient in law to obtain the writ." The motion being overruled, the cause was set for trial next day. No answer, or pleading to the merits, appears from the record to have been filed by the defendant. On the next day the defendant moved to dismiss the cause for want of service of a citation, and the said motion having been duly considered was granted by the court. The plaintiff appealed and filed his bill of exceptions.

The questions which naturally arise here are whether citation to the person was required by law; and if so, whether the necessity thereof was not waived by the acts of the defendant as they are stated in the record. At the institution of this suit the laws of Louisiana in relation to attachments were in force in this Republic, and by them it was regulated

---

370; Wescott v. Menard, Dal., 503; Darly v. Chevallier, Dal., 555; Hansborough v. Towns, 1 T., 58; Crosby v. Houston, 1 T., 203; Burton v. Anderson, 1 T., 93; O'Connor v. Towns, 1 T., 107; Jones v. Black, 1 T., 527; Cloud v. Smith, 1 T., 611; Swenson v. Walker, 3 T., 93, 110; Hopkins v. Donaho, 4 T., 336; Coles v. Perry, 7 T., 109; Davenport v. Lackie, 8 T., 351; Pierson v. Burney, 15 T., 272; Shelby v. Burtis, 18 T., 644; Bullock v. Hayter, 24 T., 9;

and must be decided. From an examination of those laws, it appears that in suits in attachment a citation to the person is necessary, and indeed seems to be the basis on which the other proceedings in the case are supported. By article 251 of the Code of Practice a citation is directed to issue to the defendant to answer the petition as in ordinary cases. By article 253, the sheriff must serve such citation, first, on the person of the defendant, or at his domicile if he has one in the place, or if he be about to leave the State; second, at the place where the defendant has resided last, if he had a domicile in the place, and conceal himself to avoid being cited. By article 254, if the defendant has no known place of residence, conceal his person, be absent, or reside out of the State, the sheriff is directed to serve the attachment and citation by affixing copies thereof on the door of the parish church or of the courtroom, etc. It seems, then, that a citation is required, and a mode is pointed out for the service thereof in every possible contingency in which the writ of attachment could be obtained. The action in fact is one of mixed character—in personam as well as in rem. By the course of the decisions in Louisiana, where the citation is served in any of the modes pointed out by the code—other than that of publication— the suit is regarded as in personam, the attachment being a mere incidental proceeding to secure the rights of the plaintiff. Where the party is cited by publication the suit is considered as in rem, rather than in personam. But whatever distinctions of this character may be drawn, they do not affect the process of citation, for in all cases of attachment the injunction of the law is positive that citation shall issue and be served. The decisions of the courts have been uniform, that the want of a citation, in the mode prescribed by law, is a fatal objection to the proceedings in attachment—that without it, they are illegal, and the judgment itself in favor of the plaintiff an absolute nullity. 11 M. R., 276; 2 N. S., 52. But the requisite of citation is the privilege of the defendant, which he may waive in express terms, or his acts may imply a waiver thereof. In McMikin v. Smith, 5 N. S., p. 429, it is laid down that the court will presume nothing in relation to a, party's being cited. Constructive and even actual notice of a suit will not do, unless given in the manner prescribed by law; but the defect of the want of a citation will be cured by appearance and pleading to the merits. Was the motion, then, of the defendant to dissolve the attachment on account of the insufficiency of the affidavit and petition, such a plea to the merits as cured the want of citation? It does not so appear to this court. A motion to dissolve an attachment is in the nature of a plea in abatement. From its nature it requires to be pleaded in

Robinson v. Mattison, 25 T. Supp., 451; Elliot v. Mitchell, 28 T., 105; Allen v. Taylor, 31 T., 124; Andrews v. Jones, 36 T., 149; Hughes v. Roper, 42 T., 116; Carter v. Eames, 44 T., 544; Johnson v. Blunt, 48 T., 38; Ragsdale v. Robinson, 48 T., 379; Life Ins. Co. v. Ray, 50 T., 511; Urquhart v. Womack, 53 T., 616; Brooks v. Clark, 57 T., 105; Caruth v. Grigsby, 57 T., 259; Farley v. Deslonde, 58 T., 588; Long v. Garnett, 59 T., 229; Langton v. Marshall, 59 T., 269; Flanagan v. Pearson, 61 T., 302; Gaines v. Nat. Exchange Bank, 64 T., 18; Ford v. Cowen, 64 T., 129; Blum v. Golden, 66 T., 621; Cannon v. Can-

limine litis, or before issue is joined on the merits, and therefore repels the idea that in itself it constitutes a pleading to the merits of the case. There is nothing, then, in a motion of that character which would preclude the defendant from having the attachment dismissed for the want of a citation. He has waived no right. His attempt in fact was to show that the plaintiff violated the rights, guaranteed to him by the laws, by illegal proceedings in obtaining the attachment. Nor is there other matter in the record sufficient to justify the presumption that a plea to the merits was filed. It states, indeed, that after the motion to dissolve the attachment was overruled, the case was set for trial the next day. Had the trial proceeded, and judgment been rendered, this court might have presumed that such pleadings were entered as would justify the rendition of the judgment; but in the absence of the actual entry of an issue on the merits, and where the judge below entertained a motion which would have been precluded by such an issue, we are bound to believe that there was nothing in the pleadings which would prohibit the court below from entertaining the motion. We are therefore of opinion that the court did not err in dismissing the cause for the want of a service of citation.

Under laws where the suit in attachment is of the mixed character before described, the service of a citation in some of the modes pointed out by the law is a right indispensable to the security of the defendant. Proceedings in attachment, even when the rights of the debtor as secured by the law are held sacred, are oppressive. The property of the defendant is seized before the rights of the parties are adjudicated, and these are decided generally in the absence of the defendant. While the law derogates from the rights of one party, it confers privileges on the other. The creditor can not complain that a law of that character should be strictly construed, and that if he attempt to avail himself of its benefits, he should be compelled to comply with all those formalities which it has deemed essential to the security of the debtor.

It is ordered, adjudged and decreed that the appeal be dismissed, and that the appellee recover his costs of the appellant in this court on this behalf expended.

*Dismissed.*

non, 66 T., 682; Tevis v. French, 71 T., 59; Ellis v. Garvey, 76 T., 371; Shornick v. Bennett, 77 T., 244; Brown v. Perez, 79 T., 157; Cason v. Conner, 83 T., 26; Hanrick v. Curley, 93 T., 458; Lytle v. Custead, 4 T. C. A., 490; Baker v. Collins, 4 T. C. A., 520; Spencer v. James, 10 T. C. A., 327; Eastham v. Sims, 11 T. C. A., 133; Prestage v. Loving, 1 App. C., sec. 707; Adams v. Duggan, 1 App. C., sec. 1268; Sears v. Green, 1 U. C., 734. When the record is silent, it will be presumed that sufficient evidence was before the jury to warrant their verdict. Campbell v. Skidmore, 1 T., 475; Portis v. Hill, 30 T., 529; Bailey v. Hearne, 1 App. C., sec. 969; Bradford v. Mann, 1 U. C., 228; Alexander v. Mulhall, 1 U. C., 769; Darragh v. Kaufman, 2 U. C., 97. The jury are presumed to find with reference to the facts in the pleadings and the charge of the court. Darden v. Mathews, 22 T., 320; Patterson v. Allen, 50 T., 23; Traylor v. Townsend, 61 T., 144; Dodd v. Gaines, 82 T., 429; Evans v. Revees, 6 T. C. A., 254; Ackerman v. Ackerman, 22 T. C. A., 612; Clendenning v. Mathews, 1 App. C., sec. 905; Marshall v. State, 4 T. App., 549; Hutto v. State, 7 T. App., 44; Vincent v. State, 10 T. App., 330. The same sanctity is not given to verdicts when the evidence is by deposition, as when it is oral. Strozier v. Lewey, 3 App. C., sec. 129. Presumptions are indulged to