Abel Acosta, Clerk
P.O. Box 12308
Capitol Station
Austin, Texas 78711


To Abel Acosta, Clerk:

Please enclosed find the following documents to be filed in this Court of Criminal Appeals of Texas, Cause No. 11,707B.

These documents shall be executed upon this court's discretion to determine the next course of action. This will be at your earliest convenience and as time permitted for as the docket calls.

The following documents are:

(1)-Applicant's Reply and Rebuttal to the Trial Court's denial of relief sought in the 115th Judicial District Court of Upshur County, Texas—total of seventeen (17) pages;
(1)-Applicant's Request for Judicial Notice—total of one (1) page;
(1)-Motion for Writ of Habeas Corpus Ad Testificandum—total of one (1) page;
(1)-Copy of (R.R. Vol. 5 of 8, pg. 69)—total of one (1) page;
(1)-Copy of (R.R. Vol. 5 of 8, pg. 82)—total of one (1) page.

Applicant's Reply to the Trial Court's denial presented to the court shall be executed by the clerk, applicant's Request for Judicial Notice, Motion for writ of habeas corpus ad testificandum, copies of (R.R. Vol. 5 of 8, pgs. 69-82) presented to the court shall be executed by the Clerk.

Applicant, Billy G. Colvin, thanks you for your time in this matter before the court.


Executed on this 22 day of December , 2015.


                                   Respectfully Submitted

                                   *Billy G. Colvin*

RECEIVED IN                        Billy G. Colvin
COURT OF CRIMINAL APPEALS          TDCJ-ID #760687
                                   L.C. Powledge Unit
                                   1400 FM 3452
      DEC 28 2015                  Palestine, Texas 75803


      Abel Acosta, Clerk

51,885-04

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-51,885-04

TR. CT. NO. 11,707B

EX PARTE BILLY GORDON COLVIN, APPLICANT

---

APPLICANT'S REPLY AND REBUTTAL TO THE TRIAL COURT'S
DENIAL OF RELIEF SOUGHT IN THE 115TH JUDICIAL
DISTRICT COURT OF UPSHUR COUNTY, TEXAS

---

IDENTITY OF PARTIES AND COUNSEL

Billy G. Colvin, Applicant Pro Se
TDCJ-ID #760687
L.C. Powledge Unit
1400 FM 3452
Palestine, Texas 75803

Natalie A. Miller, Asst. District Attorney
Upshur County, Texas
405 N. Titus St.
Gilmer, Texas 75644

Honorable Lauren Parish, Judge Presiding
Justice Center
405 N. Titus St.
Gilmer, Texas 75644-1052

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 28 2015

Abel Acosta, Clerk

Applicant's Reply-i
Colvin, Cause No. 11,707B

# TABLE OF CONTENTS

INDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . ii

HABEAS JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . iii

REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . IV

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . V

NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . VII

APPLICANT'S REPLY TO STATE'S PLEADING. . . . . . . . . . . . . . . . 1

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . 9

# HABEAS JURISDICTION

"The purpose of the Writ of Habeas Corpus is simple - it is a process utilized to determine the lawfulness of confinement." Ex Parte Adams, 768 S.W.2d 281, 287 (Tex.Crim.App. 1989); Ex Parte McGowan, 645 S.W.2d 286 (Tex.Crim.App. 1983).

Applicant contends this concluded and held:

> "The Texas Constitution confers appellate juris-
> diction upon courts of appeals. Tex. Constitution
> art. V. §§ 5 and 6; that includes the power to
> review questions of fact in criminal cases."
> Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App.
> 1996)(quoting Bishop v. State, 43 Tex. 390, 400
> (1875).

This Court has jurisdiction over this claim of actual inno-cence as the applicant contends that it is common knowledge that the constitution must be regarded as fundamental law, it therefore belongs to the courts to ascertain its meaning as well as the meaning of any particular statute proceeding from legislative body in furtherance of the constitution.

Further, applicant contends that "[this Court] will not reverse unless we conclude the error affected a substantial right of the appellant." Gay v. State, 981 S.W.2d 864, 867 (Tex.App.— Houston 1998); citing Tex. R. App. P. 49 § 2(b). See also Barshaw v. State, 320 S.W.3d 620 & 342 S.W.3d 91.

# REVIEW

"It is fundamental principles of our habeas corpus law...that under the procedure authorized by Art. 11.07, if the trial court convenes a hearing, elicits testimony, and thereby develops facts, the Court of Criminal Appeals is not bound by the trial court's findings and conclusions of law."; Ex Parte Adams, 768 S.W.2d 281, 288 (Tex.Crim.App. 1989)(emphasis added).

"Fundamental Due Process requires that criminal responsibility for an offense be proved beyond a reasonable doubt." U.S. Const. XIV; Alvarado v. State, 912 S.W.2d 199, 206-07 (Tex.Crim. App. 1995)(citing In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072-73 (1990)).

"The standard of review [criminal] is more stringent than the 'no evidence' standard applicable in civil cases."

"...in reviewing the factual sufficiency of evidence to support a conviction, we are to view all the evidence in a nuetral light, favoring neither party." Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.App. 1996), "Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the evidence available." Johnson, 23 S.W.3d at 11.

"Proof by preponderance of the evidence which is defined as that degree of proof that, when taken as a whole, shows that a fact sought to be proved is more probable than not." Lackey v. State, 819 S.W.2d 111, 117 (Tex.Crim.App. 1989).

Applicant's Reply-IV
Colvin, Cause No. 11,707B

## INDEX OF AUTHORITIES

Abnor v. State, 871 S.W.2d 726, 731 (Tex.Crim.App. 1994). . . . 5

Arevalo v. State, 970 S.W.2d 547 (Tex.Crim.App. 1998), conviction aff'd on remand, 987 S.W.2d 167 (Tex.App.—Houston 1999, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . 7

Bailey v. Haddy, Dallam 376, 378 (Tex. 1841). . . . . . . . . . 5

Clewis v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996). . . . . . 3

Daniels v. State, 632 S.W.2d 126 (Tex.Crim.App. 1982) . . . . . 5

Doyle v. State, 631 S.W.2d 732, 738 (Tex.Crim.App. 1982). . . . 5

Hall v. State, 225 S.W.3d 525, 535-36 (Tex.Crim.App. 2007). . . 6

Koah v. State, 609 S.W.2d 156 (Tex.Crim.App. 1980). . . . . . . 7

Lopez v. State, 315 S.W.3d 90, 98 (Tex.App.—Houston 2010, pet. granted, 9-22-10) . . . . . . . . . . . . . . . . . . . . . . . 7

Murray v. State, 302 S.W.3d 874, 876 (Tex.Crim.App. 2009) . . . 6

Rider v. State, 567 S.W.2d 192, 195 (Tex.Crim.App. 1978). . . . 5

Williams v. State, 547 S.W.2d 18, 20 (Tex.Crim.App. 1977) . . . 5

Ex Parte Evans, 964 S.W.2d 643 (Tex.Crim.App. 1998) . . . . . . 2

Ex Parte McPherson, 32 S.W.3d 860 (Tex.Crim.App. 2000). . . . . 2

Ex Parte Santana, 227 S.W.3d 700, 703-04 (Tex.Crim.App. 2007) . 2

Ex Parte Thomas, 953 S.W.2d 286 (Tex.Crim.App. 1997). . . . . . 5

Ex Parte Torres, 943 S.W.2d 469, 474 (Tex.Crim.App. 1997) . . . 3

Ex Parte Watson, 306 S.W.3d 259, 262-63 (Tex.Crim.App. 2009). . 6

## TEXAS STATUTES

Texas Code of Criminal Procedure Art. 2.01. . . . . . . . . . . 8

Texas Code of Criminal Procedure Art. 11.07 § 4 . . . . . . . . 2

Texas Code of Criminal Procedure Art. 21.15 . . . . . . . . . . 3

## INDEX OF AUTHORITIES (cont'd)

Texas Code of Criminal Procedure Art. 37.09 (1) . . . . . . . . . . 6

Texas Code of Criminal Procedure Art. 38.072. . . . . . . . . . . 7

Texas Government Code § 51.901 . . . . . . . . . . . . . . . . . . 3

Texas Penal Code § 21.11. . . . . . . . . . . . . . . . . . . . . 6

Texas Penal Code § 32.48, 37.10 . . . . . . . . . . . . . . . . . 3

Texas Penal Code § 37.01. . . . . . . . . . . . . . . . . . . . . 3


Texas Attorney General DO-JM-266. . . . . . . . . . . . . . . . . 8

Applicant's Reply-VI
Colvin, Cause No. 11,707B

## NATURE OF THE CASE

Applicant, Billy G. Colvin was indicted on June 28, 1996 for Aggravated Sexual Assault of a Child. Applicant pled not guilty and proceeded to a jury trial. Applicant was found guilty by the jury and they assessed punishment at fifty (50) years confinement in the Texas Department of Criminal Justice on August 21st, 1996.

At trial, applicant was represented by Dwight A. Brannon. The State was represented by Tim Cone; applicant filed an appeal and Brannon represented applicant on appeal. On March 28th, 1997, the Sixth Court of Appeals found no error in the judgment, and ordered the judgment of the court to be affirmed in all things.

Applicant filed his first writ of habeas corpus, 11,707A, on August 1st, 2008. Ultimately, the Court of Criminal Appeals in No. AP-76,009, found that applicant was "entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Sixth Court of Appeals in Cause no. 06-96-00057-CR that affirmed his conviction in Cause No. 11,707A from the 115th Judicial District Court of Upshur County."

Applicant filed a pro se petition for discretionary review, PD-1486-08. The Court of Criminal Appeals dismissed all of applicant's remaining claims-contained within his writ of habeas corpus 11,707A; Ex Parte Torres clearly relates to dispositions of such writs of Habeas Corpus:

> "Dispositions relating to the merits should be labled 'denials' while dispositions unrelated to the merits should be labled as 'dismissals'..."
> Ex Parte Torres, 943 S.W.2d 469, 474 (Tex.Crim. App. 1997).

Applicant's Reply-VII
Colvin, Cause No. 11,707B

Applicant filed his second writ of habeas corpus, 11,707B, on September 23rd, 2015. The State filed an answer in opposition to applicant's writ on October 29, 2015 and on the same date the 115th District Court filed its Findings of Fact and Conclusions of Law in agreement with prosecution and recommended that this Court deny relief requested by Applicant.

Applicant executed his Reply on December 22, 2015.

Applicant's Reply-VIII
Colvin, Cause No. 11,707B