51,885-04

Abel Acosta, Clerk
P.O. Box 12308
Capitol Station
Austin, Texas 78711

To Abel Acosta, Clerk:

Please enclosed find the following documents to be filed in this Court of Criminal Appeals of Texas, Cause No. 11,707B.

These documents shall be executed upon this court's discretion to determine the next course of action. This will be at your earliest convenience and as time permitted for as the docket calls.

The following documents are:

(1)-Applicant's Reply and Rebuttal to the Trial Court's denial of relief sought in the 115th Judicial District Court of Upshur County, Texas—total of seventeen (17) pages;
(1)-Applicant's Request for Judicial Notice—total of one (1) page;
(1)-Motion for Writ of Habeas Corpus Ad Testificandum—total of one (1) page;
(1)-Copy of (R.R. Vol. 5 of 8, pg. 69)—total of one (1) page;
(1)-Copy of (R.R. Vol. 5 of 8, pg. 82)—total of one (1) page.

Applicant's Reply to the Trial Court's denial presented to the court shall be executed by the clerk, applicant's Request for Judicial Notice, Motion for writ of habeas corpus ad testificandum, copies of (R.R. Vol. 5 of 8, pgs. 69-82) presented to the court shall be executed by the Clerk.

Applicant, Billy G. Colvin, thanks you for your time in this matter before the court.

Executed on this 22 day of December , 2015.

Respectfully Submitted

RECEIVED IN
COURT OF CRIMINAL APPEALS

*Billy G. Colvin*

Billy G. Colvin
TDCJ-ID #760687
L.C. Powledge Unit
1400 FM 3452
Palestine, Texas 75803

DEC 28 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

EX PARTE

BILLY G. COLVIN

APPLICANT

NO. WR-51,885-04

TR. CT. NO. 11,707B

## APPLICANT'S REPLY TO STATE'S PLEADING

Comes now Billy Gordon Colvin, hereinafter Applicant, in the above styled and numbered cause, pursuant to Art. 11.07, Texas Code of Criminal Procedure (C.C.P.) and brings this reply to the State and Trial Court's contentions that the applicant's Writ of Habeas Corpus be denied.

Applicant contends that this Honorable Court should strike the State's pleading as frivolous and deceptive to the Court and for cause applicant demonstrates:

(a)  The State utilized no statutes, law, or cases to support their contentions;

(b)  the State merely stated their own opinion without any evidence to support their theory;

(c)  the State's contentions of subsequent writ theory is based on just that, a baseless theory with no arguable basis in law;

(d)  the writ cannot be subsequent because of past precedential case law mandates to the contrary and the State is deceptive, demonstrating bad faith, willfully disobedient to the Court and presenting fraud in the Court.

## REPLY

Applicant addresses the State's contentions by page and line number as such example: pg. 3 lines 7-12, Grounds 1 & 2 etc..

The State contends the "Writ of Habeas Corpus in 2008 should have included the instant grounds herein this writ"; their argument is without merit and should be dismissed based upon past

Applicant's Reply-1
Colvin, Cause No. 11,707B

established law made precedent by this Honorable Court.

For example, this Court held:

> "...this Court identified two claims that do not constitute as a challenge to a conviction..." Ex Parte Santana, 227 S.W.3d 700, 703-04 (Tex.Crim. App. 2007)

The Santana court held that when an applicant challenged a revocation of parole, "did not qualify as an applicant that challenged the conviction," Santana, Id. at 703; (citing Ex Parte Evans, 964 S.W.2d 643 (Tex.Crim.App. 1998); an applicant that "sought an out-of-time appeal because counsel's failure to file the notice," much like applicant's case, the court held that it did not constitute as subsequent; see Ex Parte McPherson, 32 S.W. 3d 360 (Tex.Crim.App. 2000): this decision in Santana tracked the statutory language, much like applicant herein is attempting to get the trial court to do in his "primary writ" that is challenging not the conviction—but the Statute upon which the conviction was had.

Therein, the State and trial court required that this Court should track the statutory language of Art. 11.07 §4 (C.C.P.), while at the same time the State and trial court wish to present fraud on the court with their deceptive pleading knowing the applicant would refrain from taking any action on the basis of the document. See Texas Penal Code § 32.48, 37.10 or Code of Criminal Procedure § 21.15 and Texas Government Code § 51.901; as defined in Texas Penal Code § 37.01.

The State's pleading should be denied and the state sanction-

ed for submitting a frivolous pleading.

## ARGUMENT

1.) The State combined both grounds 1 & 2 in their inarticulated contentions that do not rely upon any facts or law that should reflect the same; applicant does hereby request that sanctions should be levied upon the State, in their deceptive pleading, and should strike such pleading just the same.

2.) Applicant herein relies upon his history with this Honorable Court, and established law, in regards to Art. 11.07 (C.C.P.) that clearly denotes the dispositions of such writs of habeas corpus:

> "Dispositions relating to the merits should be labled 'denials' while dispositions unrelated to the merits should be labled as 'dismissals'..." Ex Parte Torres, 943 S.W.2d 469, 474 (Tex.Crim. App. 1997)

3.) As this Court has held that a subsequent writ that does not challenge a conviction is not a subsequent writ pursuant to section 4 of Art. 11.07 (C.C.P.).

4.) Again, here as in his memorandum at law, applicant contends that judicial notice should be applied to the law and facts as presented in the record. Clewis Supra at 129; see also Texas Rules of Evidence 201. Clewis v. State, 922 S.W.2d 126 (Tex.Crim.App.1996)

5.) According to the facts, applicant requested a post discretionary review (ie., out of time appeal to the appellate court's decision to affirm his conviction) which had no bearing on this court's determination of his conviction or sentence.

6.) This Court held that, in two cases to determine the subsequent writ doctrine, writs that do not challenge the conviction

Applicant's Reply-3
Colvin, Cause No. 11,707B

are not subsequent writs for purposes of section 4, Art. 11.07 Code of Criminal Procedure.

7.) Ex Parte Santana was such a case that recognized that an applicant, much like that in Ex Parte Evans, that the initial application challenged only the revocation of parole "did not qualify as an application that challenged the conviction," within the meaning of Art. 11.07 § 4; Ex Parte Santana, 227 S.W.3d 700, 703-04 (Tex.Crim.App. 2007); Ex Parte Evans, 964 S.W.2d 643 (Tex. Crim.App. 1998)(because the former application did not challenge the validity of the underlying conviction).

8.) Applicant did not challenge the conviction in his primary writ submitted in 2008, such like that in Evans, Id. and those in Santana, Id..

9.) One other case was noted in Santana, Ex Parte McPherson, exactly equal to the applicant's case, held "that the applicant's [McPherson] initial application that sought only an out-of-time appeal due to counsel's failure to file a notice of appeal did not challenge the conviction under section 4." Ex Parte McPherson, 32 S.W.3d 860 (Tex.Crim.App. 2000)

10.) Santana only reset the time to appeal, "thereby making any substantive claims challenging the conviction premature; Santana Supra at 703-04.

11.) Santana Court concluded that "when an initial application presents claims challenging the validity of prosecution...and presents a claim concerning the denial of the right to appeal and this Court grants an out-of-time appeal while dismissing the

remaining grounds for relief, the initial application **does not** qualify as an application that challenged the conviction for purposes of section 4(a)." (emphasis added) Id. at 703-04; see also Ex Parte Thomas, 953 S.W.2d 286 (Tex.Crim.App. 1997).

## LESSER INCLUDED

Applicant contends the trial court erred by not including the charge of the lesser-included-offense in the alternative as evinced in Abnor v. State, who stated:

> In [Williams] v. State, 547 S.W.2d 18, 20 (Tex. Crim.App. 1977), we explained "[t]he law must come from the court, the facts must be decided by the jury, and the charge to instruct the jury properly, must apply the law to the facts raised by the evidence." Abnor v. State, 871 S.W.2d 726, 731 (Tex.Crim.App. 1994); see also Daniels v. State, 633 S.W.2d 899 (Tex.Crim. App. 1982); Doyle v. State, 631 S.W.2d 732, 738 (Tex.Crim.App. 1982); Rider v. State, 567 S.W.2d 192, 195 (Tex.Crim.App. 1978)

The lesser included offense would have given the jury leeway to decide properly the facts as applied to the law. Bailey v. Haddy, Dallam 376, 378 (Tex. 1841)

The first step in the lesser-included-offense, determining whether an offense is a lesser-included-offense of the alleged offense, is a question of law. The evidence aduced at trial should remain an important part of the court's decision whether to charge the jury on the lesser-included-offense. See Code of Criminal Procedure § 37.09; see Texas Penal Code § 21.11.

The second step in the analysis should ask whether there is evidence that supports giving the instruction to the jury. Hall v. State, 225 S.W.3d 524, 535-36 (Tex.Crim.App. 2007); see also Ex

Applicant's Reply-5
Colvin, Cause No. 11,707B

Parte Watson, 306 S.W.3d 259, 262-63 (Tex.Crim.App. 2009); Murray v. State, 302 S.W.3d 874, 876 (Tex.Crim.App. 2009); (Hall's cognate pleading test applies in both jury and bench trials).

As to the second step, victim testimony clearly demonstrates that "then he laid down and then sexually molested me" in which this is "the scintilla of evidence" needed to include the lesser-included-offense because "anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser included offense." Hall, Supra 225 S.W.3d at 535-36; Ex Parte Watson, Supra; Murray v. State, Supra. See also C.C.P. 37.09(1).

Further, the second step analysis should include whether the victim was a willing participant, enamored with applicant in that before, during, and after the indecent contact, victim was never in any fear-got into bed dressed then disrobed-demonstrating the requisite elements. Tex.Penal Code § 21.11 "with intent to arouse or gratify the sexual desire of **any** person" (emphasis added). See also pg. 12 memorandum at law; pg. 69, lines 10-21 and pgs. 81-84 trial record, attached herein.

The victim bespeaks of sexual intercourse that has went un-corroborated by any outcry witness and inadmissible hearsay as 38.072 in which, "the requirements of C.C.P. Art. 38.072 are mandatory." Lopez v. State, 315 S.W.3d 90, 98 (Tex.App.—Houston 2010, pet. granted, 9-22-10).

The statement made by the victim was not corroborated by any outcry witness; its prejudicial effect could not be cured by any objection or instruction to the jury.

Applicant's Reply-6
Colvin, Cause No. 11,707B

However, the charge to the court clearly demonstrates that one charge, Aggravated Sexual Assault, and no more; depriving the applicant of a fair and impartial trial. "...the court must reverse unless it finds that evidence exists which refutes each theory of aggravation pled by the state." Arevalo v. State, 970 S.W.2d 547 (Tex.Crim.App. 1998), conviction aff'd on remand, 987 S.W.2d 167 (Tex.App.—Houston 1999, pet. ref'd).

Also, on pg. 4 of the state's opposition to applicant's writ, their ramblings contend the law is something to hide from the citizens of this State, because if the state can give great weight of credibility to the victim's testimony on outcry, then by normal consequences of common sense would denote that same weight would be given any form of participation testimony as "a person acts intentionally, or with intent, with respect to the nature of his[/her] conduct when it is his[/her] objective or desire to engage in the conduct," verbatim, CHARGE OF THE COURT, pg. 2, lines 3-5; see also Koah v. State, 609 S.W.2d 156 (Tex.Crim.App. 1980) (the formulated distinction between intentional and knowing, as to results, is thus between desiring the result, and being reasonably certain that it will occur.") Id. at 160 n.1.

Society has always short-changed our youth with the concept that they are not responsible for their actions when it involves the commission of a crime; such as the victim's blatant nudity after climbing into bed to be with a grown adult; with the intent to arouse and gratify her own sexual desire knowing such an act is clearly against the law. see pg. 69, lines 10-21 trial record.

Applicant's Reply-7
Colvin, Cause No. 11,707B

> "Intent and knowledge may be inferred from the facts and circumstances." CHARGE OF THE COURT Id. at pg. 2 lines 9-10

And yet the State contends, or more appropriately, it demands that the law mandates his application does not fall within one exception regarding subsequent writ doctrine, pg. 4 lines 13-19 of state's answer. This is deceptive in their pleading and this Court should strike the pleading, granting relief to the applicant as a matter of law.

The reception of the State's pleading continues to the last page all through its conclusion and prayers; "Applicant fails..."; then continues with "...that there are no new controvered, previously unresolved facts..."

Applicant relies upon the applicable law of this State, in that:

> "Each District Attorney shall represent the State...to see that justice is done," C.C.P. 2.01; but the D.A. is not providing justice by denying proper punishment for the crime committed because "its primary duty is to enforce the law," Tex.Att.Gen. DO-JM-266; by suppressing facts that belong to the jury to decide, tied to a fair and impartial jury of his peers; a matter of right that our legislature has established the means of vindicating that interest. (emphasis added)

Applicant does not challenge the conviction but challenges the statute upon which it was obtained, that is inconsistent with the evidence aduced at trial, and requests this Honorable Court to remand as such.

Applicant's Reply-8
Colvin, Cause No. 11,707B

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Applicant respectfully prays that this Honorable Court will order this cause to the trial court for a reduction to the lesser included offense of Texas Penal Code § 21.11, in all things granted.

Executed on this 22 day of December , 2015

Respectfully Submitted

Billy G. Colvin #760687
Applicant Pro Se
L.C. Powledge Unit
1400 FM 3452
Palestine, Texas 75803

Pursuant to 28 USC § 1746, I Billy G. Colvin do hereby certify that the aforementioned Reply and Rebuttal is true and correct to the best of my knowledge, under penalty of perjury.

Respectfully Submitted

Billy G. Colvin #760687
Applicant Pro Se