Elbert CLEWIS

v.

The STATE of Texas.

No. 05–92–01950–CR.

Court of Appeals of Texas, Dallas.

March 15, 1994.

George E. Ashford, III, Dallas, for appellant.

April E. Smith, Dallas, for appellee.

Before McGARRY, C.J., and LAGARDE and BARBER, JJ.

## OPINION

LAGARDE, Justice.

A jury convicted Elbert Clewis of burglary of a building and assessed punishment, enhanced by two prior convictions, at fifty-five years' confinement. Clewis appeals his conviction, asserting in a single point of error that the evidence is factually insufficient to support the conviction. He urges this Court to adopt a new standard for reviewing a

factual sufficiency challenge. We decline to do so and affirm.

In his sole point of error, appellant claims that the evidence is *factually* insufficient to show that he knowingly or intentionally entered the building. This assertion is a sufficiency attack on evidence supporting an element of the offense which the State had the burden to prove beyond a reasonable doubt. Appellant claims he does not attack the *"legal"* sufficiency of the evidence supporting his conviction. An appellate court's *"legal"* sufficiency standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989), *overruled on other grounds, Geesa v. State,* 820 S.W.2d 154, 161 (Tex.Crim.App.1991); *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).[1]

Appellant, however, requests that this Court adopt and apply the *factual* sufficiency standard of review adopted by the Third District Court of Appeals. *See Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed) (per curiam). As held by that court, a court of appeals when exercising its conclusive factual jurisdiction would review:

---

1. In Texas *civil* trials, "legally insufficient evidence" is synonymous with "no evidence" and "factually insufficient evidence" is synonymous with "insufficient evidence." *See, e.g.,* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 368 (1960). A "legally insufficient evidence" point is a question of law. *Tomlinson v. Jones,* 677 S.W.2d 490, 492 (Tex.1984). In Texas *criminal* cases, however, historically there have only been "insufficient evidence" challenges without a legal or factual distinction. That has changed in some respects. *See, e.g., Meraz v. State,* 785 S.W.2d 146, 153 (Tex.Crim.App.1990); *Stone v. State,* 823 S.W.2d 375, 379–80 (Tex.App.—Austin 1992, pet. ref'd, untimely filed) (per curiam). Thus, when attempting to refer to "legal sufficiency" in criminal cases, some confusion can occur.

A "sufficiency" review of the evidence of the elements of a criminal offense was initially per-

formed applying a "no evidence" standard, but later the *Jackson* Due Process standard was adopted. *See Butler,* 769 S.W.2d at 237–39 (discussing the former *Thompson* test and the current *Jackson* test). Nevertheless, whether the evidence satisfies the current *Jackson* test is a "question of *law." Combs v. State,* 643 S.W.2d 709, 716 (Tex.Crim.App.1982), *overruled on other grounds, Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989) *and Meraz v. State,* 785 S.W.2d 146, 155 (Tex.Crim.App.1990) (emphasis in original). As a question of law, the case should never have been presented to the jury. *Ex parte Schuessler,* 846 S.W.2d 850, 852 n. 5 (Tex.Crim.App.1993). Accordingly, when we refer to "legally insufficient" in the criminal context we mean insufficient under the *Jackson* standard of review. *See id.*

all the evidence without the prism of "in the light most favorable to the prosecution." Because the court is not bound to view the evidence in the light most favorable to the prosecution, it may consider the testimony of defense witnesses and the existence of alternative hypotheses. The court [would then] set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

*Id.* Under this standard, unlike under the *Jackson* standard, when an appellate court sustains a factual insufficiency point, the conviction is reversed and the cause is remanded for a new trial.[2] *Orona v. State,* 836 S.W.2d 319, 321 (Tex.App.—Austin 1992, no pet.) (per curiam).

### FACT JURISDICTION

The Texas Constitution confers upon the courts of appeals "appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts [of appeals] shall be conclusive on all questions of fact brought before them on appeal or error." Tex. Const. art. V, § 6. No distinction is made between civil and criminal cases. The first provision operates as a general grant of appellate jurisdiction and is the only clause that vests the courts of appeals with judicial authority. *Cropper v. Caterpillar Tractor Co.,* 754 S.W.2d 646, 648 (Tex.1988). Such a general grant of jurisdiction includes the power to *review* questions of law *and fact. See id.* at 648–49.[3] Importantly, this law and fact

jurisdiction applies to criminal cases as well. *See id.* at 649 (citing *Republic v. Smith,* Dallam 407, 410–11 (Tex.1841)).

Intermediate appellate courts in Texas have no inherent power to ignore an express constitutional mandate. *Queen v. State,* 842 S.W.2d 708, 711 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The courts of this state are bound to follow the will of the people of this state, as that will is expressed by the people in the constitution and in the laws enacted by their duly elected representatives. *Id.* Furthermore, the legislature has expressly authorized the courts of appeals to review fact questions in criminal cases. Tex. Code Crim.Proc.Ann. art. 44.25 (Vernon Supp.1994). We conclude that the above constitutional and statutory provisions provide this Court with *appellate* jurisdiction to *review* fact questions.[4]

This conclusion does not mean, however, that we have jurisdiction to act as a factfinder and assess the credibility of witnesses and re-weigh evidence. To the contrary, Texas law is clear that we do not. *See* Tex.Code Crim.Proc.Ann. arts. 36.13 & 38.04 (Vernon 1981 & 1979). In exercising their conclusive fact jurisdiction, the courts of appeals do not possess fact-finding authority. *Wisdom v. Smith,* 146 Tex. 420, 425, 209 S.W.2d 164, 166 (1948); *see also Hopson v. Gulf Oil Corp.,* 150 Tex. 1, 11, 237 S.W.2d 352, 358 (1951) ("The Court of Civil Appeals does not and cannot substitute fact findings of its own for the findings of the jury[.]"). The courts of appeals can only "unfind" a fact

---

2. If the verdict does not survive the *Jackson* standard on appeal, the appellate court must render an acquittal. *See Moron v. State,* 779 S.W.2d 399, 403 (Tex.Crim.App.1985) (citing *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978)).

3. The Texas Supreme Court cited *Bailey v. Haddy,* Dallam 376, 378 (Tex.1841) for this proposition. The court in *Cropper* further noted that the applicable constitutional provision, Repub. of Tex. Const., art. IV, § 8 (1836), *reprinted in* Tex Const. app. 482, 486 (Vernon 1993), addressed in *Bailey* contained the same grant of authority to the Supreme Court of Texas that our current state constitution, Tex. Const., art. V, § 6, grants to the courts of appeals. *Cropper,* 754 S.W.2d at 648.

Thus, it is appropriate to reason that the intermediate courts of appeals are vested with the same appellate jurisdiction that the state supreme court possessed before the 1891 constitution was adopted. *Id.*

4. We are aware that the legislature has conferred upon the court of criminal appeals the same fact jurisdiction given to the courts of appeals. *See* Tex.Code Crim.Proc.Ann. art. 44.25 (Vernon Supp. 1994). The court of criminal appeals has held, however, that this power rests exclusively with the courts of appeals. *See Meraz,* 785 S.W.2d at 154–55; *White v. State,* 591 S.W.2d 851, 855 (Tex.Crim.App.1979). Even though a legislative act is presumed constitutional until challenged, we will not attribute power to the court of criminal appeals that it has expressly disavowed.

determination that the jury has found or failed to find. *See Cropper,* 754 S.W.2d at 649–51; *see also* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 368 (1960); W. St. John Garwood, *The Question of Insufficient Evidence on Appeal,* 30 Tex. L.Rev. 803, 813–14 (1952) (both articles cited with approval in *Cropper* ).

■ In reviewing certain defensive issues in criminal cases on which the defendant has the burden of proof by a preponderance of the evidence and *which do not invoke a federal constitutional issue,* the court of criminal appeals has specifically held that the above state constitutional provision is to be interpreted just as in civil cases.[5] *Meraz v. State,* 785 S.W.2d 146, 154 (Tex.Crim.App. 1990). The court in *Meraz* then set out the standard of review to be applied "when the courts of appeals are called upon to exercise their fact jurisdiction, that is, examine whether the appellant proved his affirmative defense or other fact issue where the law has designated that the defendant has the burden of proof by a preponderance of the evidence[.]" *Id.* at 154–55. The court later emphasized, albeit in a footnote,[6] that it did not express any view on whether its holding in *Meraz* is limited to those cases where the defendant has the burden of proof by a preponderance of the evidence or whether *Meraz* permits the courts of appeal to engage in a factual sufficiency review of the elements of an offense. *Ex parte Schuessler,* 846 S.W.2d 850, 852 n. 5 (Tex.Crim.App.1993).

Appellate fact jurisdiction, as authorized by article V, section 6, should not be confused with the appellate standard of review

required to exercise that fact jurisdiction. The state constitution, at most, says that an intermediate appellate court has conclusive fact *jurisdiction* in both civil and criminal cases. It does not purport to set out the *standard of review* required to exercise that fact jurisdiction. The question before us in this case, therefore, is what *standard of review* we are required to apply in reviewing the appellant's factual sufficiency challenge to the evidence supporting an element of the charged burglary offense. We now turn to that task.

## STANDARD OF REVIEW

The Texas Supreme Court surely considered all of the legal circumstances present in civil jurisprudence when it adopted the standard of review for factual sufficiency in civil cases. Likewise, we must consider all of the legal circumstances present in criminal jurisprudence in adopting a standard of review for factual sufficiency of the evidence on the elements of an offense to use in the exercise of our state constitutional and statutory fact jurisdiction in criminal cases. Because the federal and state constitutional protections, burdens of proof, statutes, rules, and procedures are significantly different in the civil and criminal law contexts, the standards of review in such contexts may likewise differ. In the pages that follow, we will show that, indeed, the standard of appellate review for the factual sufficiency of the evidence on the elements of a criminal offense cannot be the same as the civil standard of review for factual sufficiency, which was adopted by the court in *Meraz* for review of factual sufficiency of the evidence on an affirmative defense.[7]

5. The court of criminal appeals stated, "We now join our brethren on the Texas Supreme Court and conclude that the 'factual conclusivity clause,' within Art. V, § 6, operates to limit our jurisdiction and confers conclusive jurisdiction on the courts of appeals to resolve questions of weight and preponderance of the evidence adequate to prove a matter that the defendant must prove." *Meraz,* 785 S.W.2d at 154.

6. Generally, footnotes are *dicta. See Young v. State,* 826 S.W.2d 141, 144 n. 5 (Tex.Crim.App. 1991).

7. We note that recently several of our sister courts have addressed this issue. *See, e.g., Harris*

*v. State,* 866 S.W.2d 316 (Tex.App.—San Antonio 1993, pet. ref'd); *Crouch v. State,* 858 S.W.2d 599 (Tex.App.—Fort Worth 1993, pet. ref'd); *Lewis v. State,* 856 S.W.2d 271 (Tex.App.—Texarkana 1993, no pet.); *Pender v. State,* 850 S.W.2d 201 (Tex.App.—Forth Worth 1993, no pet.); *Williams v. State,* 848 S.W.2d 915, 916 (Tex. App.—Texarkana 1993, no pet.); *Orona,* 836 S.W.2d at 319; *Nielsen v. State,* 836 S.W.2d 245, 251 (Tex.App.—Texarkana 1992, pct. ref'd) (Bleil, J., concurring); *Mukes v. State,* 828 S.W.2d 571 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *Lopez v. State,* 824 S.W.2d 298 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Stone,* 823 S.W.2d at 375.

A review of the factual sufficiency of the evidence on the elements of a criminal offense differs from a review of the factual sufficiency of the evidence on an affirmative defense in at least two significant ways: first, it invokes issues of federal constitutional dimension and second, it involves a much greater burden of proof at trial.[8]

### The Stone Standard of Review

Appellant correctly points out that the Third District Court of Appeals adopted the "overwhelming weight of the evidence as to be clearly wrong and unjust" standard. *Stone*, 823 S.W.2d at 381. Purportedly, the *Stone* standard is the same standard of review applied in civil cases. *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam)).

We first note that the *Stone* standard, advocated by appellant, has been met with mixed reactions. *Compare Williams v. State*, 848 S.W.2d 915, 916–17 (Tex.App.—Texarkana 1993, no pet.) (adopting the *Stone* standard) *with Crouch v. State*, 858 S.W.2d 599, 601 (Tex.App.—Fort Worth 1993, pet. ref'd) (rejecting the *Stone* standard) *and Mukes v. State*, 828 S.W.2d 571, 573–574 (Tex.App.—Houston [14th Dist.] 1992, no pet.) (rejecting the *Stone* standard). Additionally, the standard of review for factual insufficiency was addressed by this Court pre-*Stone*. *See Borders v. State*, 822 S.W.2d 661, 667–68 (Tex.App.—Dallas 1991), *rev'd on other grounds*, 846 S.W.2d 834 (Tex.Crim. App.1992). In *Borders*, we concluded that "[u]nder the criminal law of this state there is no 'factual insufficiency' standard of review for challenges to the sufficiency of the evidence to support the conviction." *Id.* at 668. We based our decision on the fact that the *Jackson* standard "[was] the sole sufficiency standard enunciated by the Court of Criminal Appeals [for the review of the sufficiency of the elements of an offense]." *Id.* The *Jackson* standard remains the sole standard provided by the court of criminal appeals for this situation; however, that court has suggested that it may reconsider the issue, if raised. *See Ex parte Schuessler*, 846 S.W.2d at 852, n. 5. The case before us specifically raises that issue.

The Sixth District Court of Appeals, relying on the reasoning enunciated in *Stone*,[9] adopted the "so against the great weight and preponderance of the evidence as to be manifestly unjust" standard. *Williams*, 848 S.W.2d at 917. The court in *Williams*, however, adopted the wording of the review standard used by the court of criminal appeals for criminal cases where the *defendant* has the burden of proof. *Id.* at 916; *see also Meraz*, 785 S.W.2d at 155. The difference in the phrasing of these standards is merely semantical; they are the same standard of review.[10]

8. We recognize that the court of criminal appeals has not yet construed the "factual conclusivity" clause of article V, section 6 as extending to the elements of a criminal offense. Such an interpretation would, of course, implicate important federal and state constitutional issues. *See, e.g.,* U.S. Const. art. VI, cl. 2; amends. V, VI & XIV (Supremacy, Double Jeopardy, Jury Trial and Due Process Clauses); Tex. Const. art. I, §§ 10, 14 & 15 (Rights of the accused, Double Jeopardy and Right of trial by jury sections); *see also* Cathleen C. Herasimchuk, *Criminal Justice and the State's Right to Due Process*, 30 S.Tex.L.Rev. 97 (1988). In fact, a careful reading of *Meraz* reveals that the court of criminal appeals wrote extremely cautiously in limiting its holding to matters which did not implicate constitutional issues. However, the court in *Meraz* did not foreclose such an interpretation. *See Meraz*, 785 S.W.2d at 156; *Ex parte Schuessler*, 846 S.W.2d at 852 n. 5; *Stone*, 823 S.W.2d at 377. *But see, Jones v. State*, 817 S.W.2d 854, 855 (Tex.App.—Houston [1st Dist.] 1991, no pet.); *Brown v. State*, 804 S.W.2d 566, 571 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

9. The reasoning of the court in *Stone* parallels the reasoning of Justice Charles Bleil of the Sixth District Court of Appeals. *See, generally,* Susan Bleil & Charles Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question*, 23 St. Mary's L.J. 423 (1991). The Sixth District Court of Appeals later adopted the *Stone* reasoning without a detailed analysis. *See Williams*, 848 S.W.2d at 916.

10. The Texas Supreme Court apparently uses both standards interchangeably. *Compare Cropper*, 754 S.W.2d at 651; *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex.1988) (plurality opinion) (both 1988 cases couching the appropriate standard as "against the great weight and preponderance of the evidence"); *Parrish v. Hunt*, 160 Tex. 378, 331 S.W.2d 304, 305 (1960) (enunciating the standard as both "so against the great weight and preponderance of the evidence as to be

Our analysis of *Stone*, however, leads us to conclude that the *Stone* and *Williams* standards do *not* parallel the civil standard when applied to the elements of a criminal offense. Further, for the reasons discussed below, we agree with the Second District Court of Appeals and conclude that there can be no separate and distinct standard of review of factual sufficiency of the evidence of the elements of a criminal offense. *See Crouch*, 858 S.W.2d at 601. In so doing, we reaffirm our decision in *Borders*. *See Borders*, 822 S.W.2d at 668.

The court in *Stone* correctly recognized that a standard of review for the factual sufficiency of the evidence of the elements of a criminal offense should not import the preponderance-of-the-evidence burden of proof. *See Stone*, 823 S.W.2d at 381. The *Stone* standard does not. *Id.* In fact, the *Stone* standard correctly imports the beyond-a-reasonable-doubt burden of proof. Implicit in the *Stone* analysis is that court's consideration of the higher burden of proof required for a criminal conviction. *See id.* We interpret the *Stone* opinion as an attempt to apply the civil factual sufficiency standard of review to the evidence of the elements of a criminal offense by adapting it for the different burden of proof at trial.[11] Accordingly, the *Stone* standard assesses all the evidence "impartially" to determine if it is *factually* sufficient for a factfinder to have found appellant guilty *beyond a reasonable doubt*. *See id.* If the factfinder's verdict is against the overwhelming weight of the evidence presented at trial so as to be clearly wrong and unjust, the *Stone* standard of review requires a reversal of the verdict and remand for a new trial. *See id.* at 381 & n. 9.

In its application to the factual sufficiency of the evidence of the elements of a criminal offense, if not in the abstract, the *Stone* standard of review fails. The foremost reason for its failure is that an "impartial" review denies the factfinder the deference to its verdict required by the Texas Constitution. The court in *Stone* seems to have considered only article V, section 6 of the state constitution, without due consideration to the impact of its analysis on at least two other equally important constitutional guarantees applicable in criminal jurisprudence: 1) "The right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15; and 2) "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. CONST. amend. V.; *see also* TEX. CONST. art. I, § 14 ("No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.").

In civil jurisprudence, the "factual conclusivity" and "right of trial by jury" clauses, despite their apparent incongruity, have existed harmoniously for almost one hundred and fifty years. *Cropper*, 754 S.W.2d at 652. The inviolate right of trial by jury, however, is harmonized with the "factual conclusivity" clause by three limitations on the exercise of the power granted the courts of appeals: 1) a deferential standard of review, 2) the prohibition of rendering judgment as a consequence of factual insufficiency, and 3) the requirement of detailing in the opinion the basis for sustaining a factual sufficiency point of error. *See id.* at 651. The *Stone* standard disregards the first two of these essential safeguards. As discussed below, the *Stone* stan-

clearly wrong and unjust" and "so against the great weight and preponderance of the evidence as to be manifestly unjust") (cited with approval in *Cropper*, 754 S.W.2d at 650) *with Cain*, 709 S.W.2d at 176 (a 1986 case); *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985) (both cases using the "overwhelming weight of the evidence as to be clearly wrong and unjust" language).

In 1990, the Texas Court of Criminal Appeals, in establishing a standard of review for affirmative defenses, adopted the civil standard of review. *See Meraz*, 785 S.W.2d at 154–155. In so

doing, that court selected the "so against the great weight and preponderance of the evidence as to be manifestly unjust" wording. *Id.* at 155. We conclude that these standards as applied, if not in wording, are identical.

11. This interpretation is consistent with the reasoning adopted by that same court of appeals when addressing a similar issue, but in a civil context: what standard of review should apply for the "clear and convincing evidence" burden of proof at trial. *See D.O. v. Texas Dept. of Human Serv.*, 851 S.W.2d 351, 353 (Tex.App.—Austin 1993, no writ).

dard might be constitutional under the state constitution in civil cases; however, it violates the guaranteed right of trial by jury when applied to the elements of a criminal offense. This is so because (1) the burdens of proof at trial in criminal and civil cases are vastly different: "beyond a reasonable doubt" versus "by a preponderance of the evidence;" and (2) a criminal defendant is entitled to an acquittal, not a remand, following a reversal based on evidentiary insufficiency.

### a. Civil Cases

■ Verdicts in civil cases are presumed correct. *See Murray v. Devco, Ltd.,* 731 S.W.2d 555, 557 (Tex.1987). The burden is on a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. *Id.; see Murrco Agency, Inc. v. Ryan,* 800 S.W.2d 600, 607 (Tex.App.—Dallas 1990, no writ) (party appealing has burden to show trial record supports its contentions). If factual insufficiency is alleged, civil verdicts are only reversed when the appellant establishes that the *overwhelming* weight of the evidence presented at trial, *not merely a preponderance* of such weight, is so contrary to the jury determination that the result is clearly wrong and unjust. *See Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988) (plurality opinion). The burden on a civil appellant, therefore, is *much greater* than the burden of proof faced at trial. In other words, in reviewing the same evidence the factfinder considered, the court of appeals must possess significantly more assurance that the verdict was wrong than the assurance required of the factfinder in making its original decision. Only then may the appellate court reverse and remand.[12] *See id.*

In exercising its review power, an appellate court has never been allowed to substitute its judgment for that of the jury. *See Choate v. San Antonio & A. P. Ry. Co.,* 91 Tex. 406, 410, 44 S.W. 69, 70 (1898).[13] The civil appellate standard of review, therefore, is deferential to the jury verdict. *Cropper,* 754 S.W.2d at 651. This built-in deference is not the result of courtesy; rather, it is a necessary component of the review standard to balance two competing state constitutional mandates. *Id.*

### b. Criminal Cases

■ In criminal cases, there is "the well established rule of appellate review ... that the ruling of a trial judge is presumed to be correct and the burden rests upon the appellant to establish the contrary." *Lee v. State,* 167 Tex.Crim. 608, 322 S.W.2d 260, 262 (Tex.Crim.App.1958); *see also Frame v. State,* 615 S.W.2d 766, 770 (Tex.Crim.App. [Panel Op.] 1981) (where the record is silent a presumption exists that procedural rules were complied with). For issues on which the *defendant* bears the burden of proof, the situation is identical to the civil law described above. On such issues, the defendant at trial has the burden to prove by a preponderance of the evidence his affirmative defense. *See Meraz,* 785 S.W.2d at 152–53. The correct standard of review in these instances is "whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust." *Id.* at 155. Verdicts on these defensive issues are only reversed when the appellant establishes that the *great* weight and preponderance of the evidence presented at trial, *not merely a preponderance,* is so contrary to the factfinder's determination that the result is manifestly unjust. Thus, the burden of the appellant on appeal is again *greater* than its origi-

---

12. Appellate review standards are merely methods of determining that the proper burden of proof was met below. *See State v. Turner,* 556 S.W.2d 563, 565 (Tex.1977), *cert. denied,* 435 U.S. 929, 98 S.Ct. 1499, 55 L.Ed.2d 525 (1978).

13. The court in *Choate,* in harmonizing the "factual conclusivity" and "right of trial by jury" clauses for the first time, forcefully stated:

It is contrary to the genius of our institutions as well as to the letter and spirit of every constitution ever adopted in this State, to suppose that it was ever intended to substitute the judgment of the appellate courts upon the facts of a case in place of that of the jury and to make the determination of these courts final. *Choate,* 91 Tex. at 410, 44 S.W. at 70. The supreme court continues to uphold this position. *See, e.g., Cropper,* 754 S.W.2d at 651.

435

nal burden at trial. Accordingly, the appellate court must attain a significantly higher degree of assurance that the factfinder's verdict was incorrect than was required of the factfinder in making its original decision. Only then is reversal permitted. A court of appeals cannot substitute its judgment for that of the factfinder. *See id.* at 154; *Tompkins v. State*, 774 S.W.2d 195, 202 (Tex.Crim. App.1987), *aff'd by equally divided court*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989) (O'Conner, J., not participating). The court in *Meraz* characterized such a substitution as the "usurpation of the jury function." *Meraz*, 785 S.W.2d at 154.

The *Stone* standard does not require this higher level of assurance; but, instead, it mandates an undeferential reweighing of all of the evidence. The court in *Stone* specifically rejected the "prism" of "in the light most favorable to the verdict." *Stone*, 823 S.W.2d at 381. In our view, that rejection was constitutionally fatal. Although the *Stone* standard purports to reverse only if the overwhelming weight is so against the jury verdict as to be clearly wrong and unjust, that is impossible to do without substituting its judgment for that of the factfinder on issues of weight and credibility. We conclude that an appellate court could *never* reach the required level of assurance, unless, of course, there was a complete lack of any probative evidence on some element of the offense.[14] Because the *Stone* standard is not deferential to the factfinder's decision, its application requires a reviewing court to substitute its judgment for that of the trier of fact. This lack of deference ignores the first essential safeguard of the inviolate constitutional right of trial by jury. *See Cropper*, 754 S.W.2d at 651. Consequently, we agree with the Fourteenth District Court of Appeals which noted that by alleging that his conviction was against the great weight and preponderance of the evidence, the "appellant asks us to substitute our fact findings for

those of the jury. We decline to do so." *Mukes*, 828 S.W.2d at 573–74.

■ Should a reviewing court sustain a factual sufficiency challenge to the evidence of the elements of a criminal offense, the Third District Court of Appeals would remand for retrial. *Orona*, 836 S.W.2d at 321; *Stone*, 823 S.W.2d at 381 n. 9. One might argue that this is an attempt to incorporate the second essential limitation on a reviewing court necessary to harmonize the "right of trial by jury" and the "factual conclusivity" clauses: the prohibition of rendering judgment as the result of factual insufficiency. *See Cropper*, 754 S.W.2d at 651. Because we conclude that such a result is not constitutionally permissible under federal law, this attempted limitation fails.[15] *See* U.S. CONST. art. VI, cl. 2; amend. V. (Supremacy and Double Jeopardy Clauses).

The court in *Orona* relied on *Tibbs v. Florida* as authority that retrial is not barred after a reversal based on factual insufficiency. *See* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). *Tibbs* clearly sets forth the governing law on verdict reversal and jeopardy:

"[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." This prohibition, lying at the core of the Clause's protections, prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance. For this reason, when a reversal rests upon the ground that the prosecution has failed to produce *sufficient* evidence to prove its case, the Double Jeopardy Clause bars the prosecutor from making a second attempt at conviction.

14. In such an instance, application of the *Jackson* "legal" standard of review would result in a reversal of the conviction and an acquittal of the defendant.

15. A similar question is raised by the Texas Constitution. TEX. CONST. art. I, § 14. However,

because that issue is neither necessary to our resolution of this case nor addressed by the proponents of a separate but distinct standard of review for factual sufficiency, we decline to address it.

457 U.S. at 41–42, 102 S.Ct. at 2218 (quoting in part *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978)) (citations omitted) (emphasis added). The court in *Tibbs* went on to distinguish instances where the State failed to present *sufficient* evidence from those where the reviewing court *disagreed with the jury's verdict based on the weight of the evidence:*

> [T]hese [Double Jeopardy] policies do not have the same force when a judge disagrees with a jury's resolution of conflicting evidence and concludes that a guilty verdict is against the weight of the evidence. A reversal on this ground, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Instead, the appellate court sits as a "thirteenth juror" and disagrees with the jury's resolution of the conflicting testimony. This difference of opinion no more signifies acquittal than does a disagreement among jurors themselves.

457 U.S. at 42, 102 S.Ct. at 2218 (citations omitted). Clearly under *Tibbs*, unless the appellate court is acting as a thirteenth juror pursuant to some state law authority, the federal constitution mandates acquittal when reversal rests on evidentiary insufficiency.

The court in *Orona* seemed to acknowledge that a Texas appellate court should not act as a thirteenth juror. *Orona*, 836 S.W.2d at 322. Accordingly, a new trial is impermissible under federal Double Jeopardy principles and an acquittal is required following a reversal based on insufficient evidence.

Alternatively, if the *Stone* standard advocates that a court of appeals *should* act as a thirteenth juror, thus permitting a remand under *Tibbs*, no Texas authority exists for such a position.[16] We have found no constitutional, statutory, or judicially created authority permitting the "thirteenth juror" rule in Texas. However, two separate provisions of the code of criminal procedure *prohibit* appellate courts from acting in that role and second-guessing the jury on factual determinations. *See* TEX.CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981) ("Unless otherwise provided in this Code, the jury is the exclusive judge of the facts[.]"); TEX.CODE CRIM.PROC. ANN. art. 38.04 (Vernon 1979) ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony, except where it is [otherwise] provided by law[.]").[17]

We conclude that federal law mandates an acquittal following a reversal based on factual insufficiency. *See Tibbs*, 457 U.S. at 41–42, 102 S.Ct. at 2217–18. Thus, the second limitation which harmonizes the two state constitutional provisions is lacking: a result which is constitutionally impermissible when reviewing evidence on the elements of a criminal offense.

Because the standard of review advocated by appellant does not incorporate two of the three essential safeguards of the Texas Constitution's inviolate right to trial by jury, we reject the *Stone* standard for reviewing the factual sufficiency of the evidence supporting the elements of a criminal offense. Accordingly, we must determine the appropriate standard of review to apply.

*The Applicable Standard of Review*

■ In our view, a correct standard of review must 1) incorporate the beyond a reasonable doubt trial burden of proof, 2) require a review of all of the evidence adduced at trial, and 3) be deferential to the

---

**16.** Interestingly, the Florida Supreme Court had similar concerns about its lack of authority to act as a thirteenth juror. *See Tibbs v. Florida*, 397 So.2d 1120, 1126 (Fla.1981), *aff'd*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, the plurality relied on Florida Appellate Rule 6.16(b) (1962) as authority to reverse on "weight of the evidence" grounds. *Tibbs*, 457 U.S. at 37 n. 8, 102 S.Ct. at 2215 n. 8. The Florida Supreme Court ultimately concluded that an appellate court should never again reverse a jury on "weight of the evidence" grounds, but appellate courts should only review the "legal sufficiency"

of the evidence. *Id.* at 1125. Questions of weight are for the trier of fact alone to resolve. *Id.*

**17.** These code provisions appear to conflict with the Third Court of Appeals' position on factual sufficiency in criminal cases. We are unable to reconcile them with the *Stone* and *Orona* opinions advocating a factual sufficiency review of the evidence of the elements of a criminal offense under the *Stone* standard. Yet until challenged, such statutes are presumed constitutional.

factfinder's weight and credibility choices. In a name, the correct standard of review for factual sufficiency is the *Jackson* standard: "whether, after viewing [all] the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789 (emphasis in original); *Butler*, 769 S.W.2d at 239.

The *Jackson* standard incorporates the heavy trial burden of "beyond a reasonable doubt." The court in *Jackson* specifically adopted this standard of review to replace the previous "no evidence" standard and to ensure that the minimum federal constitutional guarantees required under *In re Winship* were met.[18] *Jackson*, 443 U.S. at 319 n. 12, 320, 99 S.Ct. at 2789 n. 12, 2789–90. No longer is merely "some evidence" required, but sufficient evidence of "guilt beyond a reasonable doubt" is necessary. *Id.* at 319–20, 99 S.Ct. at 2789; *see Butler*, 769 S.W.2d at 239. "The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a *prime* instrument for reducing risk of convictions resting on *factual* error." *Moreno v. State*, 755 S.W.2d 866, 867 n. 1 (Tex.Crim.App.1988) (quoting *In re Winship*, 397 U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970)) (emphasis added).[19]

Second, the *Jackson* standard is a comprehensive review. The court in *Jackson* specifically required an appellate court to look at *all* the evidence. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. Accordingly, evidence supporting a defendant's innocence, as well as

that supporting guilt, must be reviewed. *See id.; Butler*, 769 S.W.2d at 239. Thus, the appellate court must consider all of the evidence adduced at trial, i.e., the *facts*, to determine the sufficiency of the evidence to prove the elements of the offense.

Third, and most importantly, the *Jackson* standard is deferential to the jury verdict and the weight and credibility choices of the factfinder. The reviewing court must look at all of the evidence "in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. This integrated deference "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.; see also Moreno*, 755 S.W.2d at 867 ("It is not the reviewing court's duty to *disregard, realign or weigh evidence*. This the factfinder has already done.... The [appellate] court is to review the evidence as it is *already weighted* by the jury's verdict[.]" (emphasis added)). Appellate courts do not substitute their judgments of witness credibility and evidentiary weight for those of the factfinder. *Tompkins*, 774 S.W.2d at 202. Furthermore, this factfinder deference is required by Texas case law. A deferential standard, as noted earlier, is one safeguard necessary to reconcile the "factual conclusivity" and the "right of trial by jury" constitutional mandates. *Cropper*, 754 S.W.2d at 651.

This *Jackson* "prism," which the court in *Stone* rejected, merely serves as the appellate mechanism for deferring to the factfin-

---

18. *In re Winship* required that no criminal defendant may be convicted of a criminal offense on less than "proof beyond a reasonable doubt." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).

19. The proponents of a separate and distinct standard of review for factual insufficiency seem to take the position that the *Jackson* standard is a "no evidence" standard comparable to the civil "no evidence" standard. It is not. *Jackson* specifically repudiated that notion. *See Jackson*, 443 U.S. at 316–20, 99 S.Ct. at 2787–90.

That the *Thompson* "no evidence" rule is simply inadequate to protect against misapplications of the constitutional standard of reasonable doubt is readily apparent. "[A] mere modicum of evidence may satisfy a 'no evidence'

standard...." Any evidence that is relevant—that has any tendency to make the existence of an element of a crime slightly more probable than it would be without the evidence—could be deemed "a mere modicum." But it could not seriously be argued that such a "modicum" of evidence could by itself rationally support a conviction beyond a reasonable doubt.

*Jackson*, 443 U.S. at 320, 99 S.Ct. at 2789–90 (quoting, in part, *Jacobellis v. Ohio*, 378 U.S. 184, 202, 84 S.Ct. 1676, 1686, 12 L.Ed.2d 793 (1964) (Warren, C.J., dissenting)) (citation omitted). The Texas Court of Criminal Appeals has also noted that *Jackson* does not call for a "no evidence" type of review. *See Butler*, 769 S.W.2d at 239.

der's credibility and weight decisions. "A reversal based on the weight of the evidence ... draws the appellate court into questions of credibility." *Tibbs*, 457 U.S. at 37, 102 S.Ct. at 2216. As in civil cases,[20] appellate courts may not assess the credibility of witnesses in criminal cases. *See Bonham*, 680 S.W.2d at 819 ("the jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony"). In addressing this specific issue, the court of criminal appeals clearly stated:

> The [appellate] court is *never* to make its own myopic determination of guilt from reading the cold record.... The factfinder, best positioned to consider all the evidence firsthand, viewing the valuable and significant demeanor and expression of the witnesses, has reached a verdict beyond a reasonable doubt. Such a verdict *must* stand unless it is found to be irrational or unsupported by more than a "mere modicum" of the evidence.

*Moreno*, 755 S.W.2d at 867 (emphasis added).

Within the constraints of our jury system, the *Jackson* standard ensures a just and fair result. The purpose of the *Jackson* standard is to ensure only the rationality of the factfinder. *Id.* Clearly, any irrational verdict would be manifestly unjust and clearly wrong under our jury system. Conversely, however-

er, we cannot conceive of any sufficient, i.e., rational, verdict of guilt beyond a reasonable doubt that would be "manifestly unjust and clearly wrong." Furthermore, even if such a verdict is theoretically possible, we agree with the Tennessee Supreme Court, which under similar circumstances stated, "We find the weight of the evidence standard to be difficult, if not impossible, to apply rationally and uniformly in criminal cases." *Tennessee v. Adkins*, 786 S.W.2d 642, 645 (Tenn.1990) (quoting *Tennessee v. Johnson*, 692 S.W.2d 412, 413 (Tenn.1985)).[21] Likewise, we agree with the Second District Court of Appeals and conclude that once the *Jackson* sufficiency standard of review is met, the evidence could never be factually insufficient under a deferential standard of review. *See Crouch*, 858 S.W.2d at 601.

Although characterized as a "legal sufficiency" review and a "question of law," the *Jackson* standard necessarily encompasses a *factual* sufficiency review. If after reviewing the evidence, i.e., facts, in the light most favorable to the verdict, a rational trier of fact could *not* have found the essential elements of the crime *beyond a reasonable doubt*, then the sufficiency challenge must be sustained and the defendant acquitted. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Moreno*, 755 S.W.2d at 867. Accordingly,

**20.** "It is elementary that juries are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony." *Leyva v. Pacheco*, 163 Tex. 638, 641, 358 S.W.2d 547, 549 (1962); *see also Lockley v. Page*, 142 Tex. 594, 598, 180 S.W.2d 616, 618 (1944). "[T]his Court is not a fact finder; and we do not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if there is conflicting evidence upon which a different conclusion could be supported." *Harco Nat. Ins. Co. v. Villanueva*, 765 S.W.2d 809, 810 (Tex. App.—Dallas 1988, writ denied).

**21.** We find the reasoning supporting this statement compelling. The Tennessee Supreme Court, the ultimate criminal court in that state, was required to address the State's "thirteenth juror" rule. *Johnson*, 692 S.W.2d at 412. The court in *Johnson* had to decide whether a *trial* judge should be allowed to order a new trial after a jury verdict of guilty when he or she determined that the evidence adduced at trial *preponderated* in favor of the defendant. In refusing to resurrect such a rule in the State of Tennessee, the court in *Johnson* stated:

> The distinction between the "weight" of the evidence and the "legal sufficiency" of the evidence has little substance in criminal cases, where the State has the burden of proving the defendant's guilt beyond a reasonable doubt. It is difficult to accept the proposition that a *trial* judge can reasonably determine that the evidence is legally sufficient to support a finding of guilt beyond a reasonable doubt but that such a verdict is against the weight of the evidence. We find the weight of the evidence standard to be difficult, if not impossible, to apply rationally and uniformly in criminal cases.

*Id.* at 413 (emphasis added). When asked to re-address the same issue, the Tennessee high court came to the identical conclusion. *See Adkins*, 786 S.W.2d at 645.

This reasoning is even more persuasive in our situation, where the issue is whether an *appellate* court, incapable of judging the credibility of the witnesses, can make such a distinction. We conclude that no *appellate* court could make such a distinction under any meaningful standard of review.

this standard has a built-in factual sufficiency component. Thus, in performing such a review, a court assesses the factual sufficiency of the evidence adduced at trial, although in a more limited fashion than appellant and the court in *Stone* advocate.

We reaffirm our decision in *Borders:* there is only one sufficiency standard of review of the evidence on the elements of a criminal offense. *Borders,* 822 S.W.2d at 668. That standard of review is the *Jackson* standard.

### Summary

In summary, the Texas Constitution requires this Court to perform a factual sufficiency review of the evidence on the elements of a criminal offense. The constitution, however, mandates no specific standard of review for that task. When the burden of proof at trial is "beyond a reasonable doubt," such a factual sufficiency review is necessarily included within a general sufficiency review performed under the *Jackson v. Virginia* standard of review as adopted in this state.

### FACTS

We now review all the facts. In anticipation of a burglary, seven Dallas police officers participated in a covert surveillance operation at Fashionworks, a Dallas business. This location had been burglarized on three previous Monday nights. On Monday, November 11, 1991, at approximately 10:00 p.m., Officer Robert B. Baird saw three individuals approach the front of the building. Two of the people pried the front door open with a tire tool and entered the building. The third person, later identified as appellant, stood on the porch looking around in all directions, watched the first two suspects open the doors, and then followed them into the building. Baird saw the three individuals exit the business carrying clothing. Upon seeing the police, they dropped the clothing and fled. The police then apprehended all three suspects. Baird identified appellant in open court as one of those who entered the building. On cross-examination, Baird stated that appellant was not intoxicated on the night of the offense.

Officer Mark Sears observed three people arrive at the Fashionworks building some-time after 8:30 p.m. in an automobile. All three people got out of the car and two of them used tire tools to pry open the burglar bar cage surrounding the front door and then the front door itself. The third person stood on the porch with the others. The officer saw all three suspects enter the building, then leave very quickly carrying clothing. Sears identified appellant as one of the three persons leaving the building. Upon seeing the police, the three suspects dropped the clothing and fled. Sears also identified several photographs that were taken that evening. The pictures were of appellant, the tire tools, the clothing, and the scene of the break-in. On cross-examination, Sears testified that he was absolutely sure none of the three suspects was intoxicated on the night of the offense.

Officer Michael Beatty identified appellant as the person he arrested the evening of the offense when appellant ran around the corner of the Fashionworks building toward him. He testified that appellant was in a "state of shock." Appellant appeared "real nervous and was just real jittery, unsure of what to do" when the police apprehended him. Beatty also identified the two tire tools that were confiscated from the scene of the break-in. On cross-examination, this officer stated that none of the suspects appeared to be intoxicated on the night of the offense.

Kathy Kissler, the owner of Fashionworks, testified that no one, including appellant, had her consent to enter the building or remove clothing from it on the night of the offense. She stated that the business would have been locked at the time of the offense.

Defense counsel called Peggy Shivers, mother of one of the other two suspects. She testified that she had seen appellant at her house earlier that evening, but after dark. Appellant got into a car with her son and appellant's brother, the third suspect. Mrs. Shivers stated that appellant was intoxicated at that time. She elaborated by saying, "[H]e was staggering, so I would say on a scale from one to ten, I would give him ten."

## APPLICATION OF THE JACKSON STANDARD

Applying the *Jackson* standard of review to all the evidence, we conclude that the evidence is sufficient to have allowed a rational trier of fact to have found beyond a reasonable doubt that appellant knowingly or intentionally entered the building. Appellant offered eye-witness testimony of his intoxication shortly before the time of the break-in; thus, reasonably implying that appellant, if involved, entered the building involuntarily. The State's witnesses, however, offered eye-witness testimony that appellant was not intoxicated at the scene of the break-in. The jury, exercising its statutory right to weigh the evidence and judge the credibility of the witnesses, resolved the conflicting evidence against appellant. In our view, the State's evidence was sufficient for a rational trier of fact to conclude, beyond a reasonable doubt, that appellant intentionally or knowingly entered the building. We, therefore, overrule appellant's point of error.

The judgment of the trial court is affirmed.

McGARRY, C.J., concurring separately.

McGARRY, Chief Justice, concurring.

Elbert Clewis asserts in his only point of error that the evidence is factually insufficient to show that he knowingly and intentionally entered the building. This case therefore requires us to determine whether evidence of the elements of a criminal offense is subject to a factual sufficiency review. The majority correctly assumes that this Court has mandatory and conclusive appellate jurisdiction to conduct such a review. However, the majority then somehow concludes that the standard of review to be used in assessing the factual sufficiency of the evidence should be the same standard used in determining the legal sufficiency of the evidence. I do not believe that the Texas Constitution permits this Court to use the same standard of review for both questions of law and questions of fact. Nor do I believe that anything in the Federal Constitution compels such a conclusion. I would adopt the standard of review used in *Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed). I concur in

the result because the evidence is factually sufficient to support the conviction even under *Stone*.

### Legal Sufficiency is a Question of Law

To determine the legal sufficiency of the evidence in support of a conviction, the standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). This standard is the *minimum* standard required to enforce the defendant's constitutional rights. *Jackson*, 443 U.S. at 319 n. 12, 99 S.Ct. at 2789 n. 12. The standard leaves it to the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* at 319, 99 S.Ct. at 2789. To say that the evidence is legally insufficient means that the case should never have been submitted to the jury. It is a *question of law*. *Ex parte Schuessler*, 846 S.W.2d 850, 852 n. 5 (Tex. Crim.App.1993).

### Factual Sufficiency is a Question of Fact

A significantly different standard of review applies when considering whether a criminal defendant has proved an affirmative defense. In such instances, the correct standard of review is whether, after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *Meraz v. State*, 785 S.W.2d 146, 155 (Tex.Crim.App.1990). This is a factual sufficiency standard analogous to that employed in reviewing civil cases. The issue of factual sufficiency is a *question of fact*. *Schuessler*, 846 S.W.2d at 852 n. 5.

### This Court Must Review Questions of Fact

The Texas Constitution confers upon the courts of appeals "appellate jurisdiction ...

under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. This provision operates as a general grant of appellate jurisdiction, and includes the power to review fact questions. *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 648 (Tex.1988); *Bailey v. Haddy*, Dallam 376, 378 (Tex.1841); *Republic v. Smith*, Dallam 407, 410–11 (Tex.1841). The legislature has expressly authorized the courts of appeals to review fact questions in criminal cases. TEX.CODE CRIM.PROC.ANN. art. 44.25 (Vernon Supp.1994); *Stone*, 823 S.W.2d at 378–79 n. 7.

The appellate courts of Texas have no inherent power to ignore an express constitutional mandate. *Queen v. State*, 842 S.W.2d 708, 711 (Tex.App.—Houston [1st Dist.] 1992, no pet.). This is especially true in reviewing questions of fact, where the decision of the court of appeals is conclusive. TEX. CONST. art. V, § 6. As this constitutional provision has been interpreted to give the intermediate appellate courts the final word on factual sufficiency issues in civil cases, I see no reason to interpret the same constitutional provision differently in criminal cases. *See* Bleil and Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question*, 23 ST. MARY'S L.J. 423, 424 (1991). If a court of appeals refused to review the factual sufficiency of the evidence in support of a criminal conviction, the defendant would be deprived of *any* appellate review of this vitally important question of fact. Such a deprivation would deny the defendant due process of law. *Meraz v. State*, 714 S.W.2d 108, 112 (Tex.App.—El Paso 1986), *aff'd*, 785 S.W.2d 146 (Tex.Crim. App.1990). It follows, therefore, that this Court must review the factual sufficiency of the evidence—a question of fact—in addition to reviewing the legal sufficiency of the evidence, which is a question of law. It remains only to determine the appropriate standard for reviewing the factual sufficiency of the evidence of the elements of a criminal offense.

### The Same Standard of Review Cannot be Applied to Both Questions of Law and Questions of Fact

The majority concludes that the *Jackson* standard must be used to review the factual sufficiency of the evidence whenever the burden of proof at trial is "beyond a reasonable doubt." I cannot agree. The only remedy afforded by the *Jackson* standard of review is the rendition of a judgment of acquittal. To render a judgment of acquittal is to literally substitute the judgment of the reviewing court for that of the jury. If the appellate court is truly reviewing the *factual* sufficiency of the evidence—a question of fact—then it cannot substitute its judgment for that of the factfinder. *See Tompkins v. State*, 774 S.W.2d 195, 202 (Tex.Crim.App.1987), *aff'd*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989).

The majority blurs this crucial distinction by contending that the *Jackson* standard, although "characterized" as a question of law, actually "encompasses" or has "built-in" a factual sufficiency component. The majority would thus treat the legal sufficiency of the evidence under *Jackson* as a mixed question of law and fact, contrary to the Texas Court of Criminal Appeals' conclusion that it is purely a question of law. *See Schuessler*, 846 S.W.2d at 852 n. 5. In my opinion, this is a flawed analysis.

A mixed question of law and fact is one that requires the factfinder to first resolve a fact question by weighing the evidence, so that the court may then apply the facts found to the applicable law. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *see also Higbie v. State*, 780 S.W.2d 228, 231 (Tex.Crim.App.1989), *overruled on other grounds*, 800 S.W.2d 528 (Tex.Crim.App. 1990). The *Jackson* standard, in contrast, does not first require the factfinder to determine the weight and credibility of the evidence. It is a test to determine whether the case should have been submitted to the factfinder in the first place. *Schuessler*, 846 S.W.2d at 852 n. 5. Under *Jackson*, "viewing the evidence in the light most favorable to the prosecution" is not a standard for reviewing the jury's factual determinations, it is merely an analytical tool used to determine if there is a fact issue at all. *Jackson* leaves it to "the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and

to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. It does not purport to provide appellate review of these fact issues.

### The Prohibition Against Double Jeopardy Does Not Preclude a Remand on Questions of Fact

The majority's decision to apply the *Jackson* standard when reviewing the factual sufficiency of the evidence is premised on the view that the remedy of remand is precluded by the constitutional prohibition against double jeopardy. *See* U.S. CONST. amend. V. However, this premise does not withstand close scrutiny.

"The Double Jeopardy Clause does not prevent an appellate court from granting a convicted defendant an opportunity to seek acquittal through a new trial." [1] *Tibbs v. Florida*, 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652 (1982). The *only* exception to this rule is when the reversal is based on legally insufficient evidence under *Jackson*. *Id.* at 42, 45, 102 S.Ct. at 2218, 2220. Hence, the majority's argument that the *Jackson* standard applies *because* Double Jeopardy prohibits a new trial constitutes circular reasoning. *Jackson* must first be applied before it can be determined whether Double Jeopardy prohibits a new trial.

The majority attempts to escape this vicious circle by erroneously interpreting *Tibbs* to mean that a new trial is permitted *only* when the reviewing court disagrees with the jury's weighing of the evidence. Such an interpretation is clearly erroneous because it ignores, for example, new trials granted as a result of prosecutorial error. However, it is helpful to *assume* the correctness of this interpretation in order to expose the more pervasive flaw in the majority's argument.

### Appellate Review of Fact Questions Necessarily Requires the Reweighing of Evidence

The majority's argument may be fairly summarized as follows: *Tibbs* permits a new trial only when the court disagrees with the jurors' weighing of the evidence. However, under Texas law, the jury is the exclusive judge of the facts and of the weight to be given the evidence. *Citing* TEX.CODE CRIM. PROC.ANN. arts. 36.13, 38.04 (Vernon 1981 & 1979). Hence, Texas courts may not disagree with the jurors' weighing of the evidence, and the conditions for granting a new trial under *Tibbs* cannot be satisfied. Since remand for new trial is not an available remedy, insufficient evidence requires an acquittal. Consequently, *Jackson* is the appropriate standard because it is the established standard for acquitting the defendant on insufficient evidence.

The flaw in this analysis, I believe, is an overbroad interpretation of the statutory provisions establishing the jury as the "exclusive judge of the facts and of the weight to be given the evidence." The majority has interpreted this language so broadly as to preclude any appellate review of the jury's determination of the facts and of the weight to be given the evidence. This is contrary to the statutory provision authorizing this Court to reverse a criminal conviction "as well upon the law as upon the facts." TEX.CODE CRIM. PROC.ANN. art. 44.25 (Vernon Supp.1994). Plainly, this Court must balance the jury's role as the exclusive judge of the facts against the reviewing court's jurisdiction to review and reverse the jury's decision on the facts, just as we must balance our constitutional duty to review fact questions with the defendant's constitutional right to trial by jury.

The same balance is required in civil cases, where it is also true that the jury is the exclusive judge of the facts and of the weight to be given the evidence. *See Leyva v. Pacheco*, 163 Tex. 638, 641, 358 S.W.2d 547, 549 (1962). In civil cases, as in criminal cases, the appellate court must review fact questions, but does not have the authority to substitute its fact findings for those of the jury. *See Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 11, 237 S.W.2d 352, 358 (1951). Thus, it is

---

1. The same is true under our state constitution. TEX. CONST. art. I, § 14. A court may set aside a conviction for any unspecified reason and order a new trial without violating the Double Jeopar-

dy Clause, because the case has been restored to its position before the former trial, and initial jeopardy continues. *Lofton v. State*, 777 S.W.2d 96, 97 (Tex.Crim.App.1989).

accurate to say that the appellate court does not *determine* the weight or credibility of the evidence, and so does not sit as a "thirteenth juror." *See Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App.1984). However, it is not accurate to conclude that an appellate court may not disagree with the jurors' weighing of the evidence.

The very essence of a fact question is the weighing of evidence to resolve a factual dispute. *See Combs v. State*, 643 S.W.2d 709, 715 (Tex.Crim.App.1982), *overruled on other grounds*, 769 S.W.2d 234 (Tex.Crim.App. 1989); *see also* BLACK'S LAW DICTIONARY 1246 (6th ed. 1990). Since this Court is constitutionally required to review fact questions, and statutorily authorized to reverse criminal convictions on the facts, it follows that we must review the factfinder's weighing of evidence and are authorized to disagree with the factfinder's determination. When doing so, it is necessary for the courts of appeals to "engage in thought processes akin to the jury's." *Cropper*, 754 S.W.2d at 646, (*citing Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986)). This means that this Court may reweigh the evidence without violating the right of trial by jury. *Cropper*, 754 S.W.2d at 651. In fact, the supreme court has *required* the courts of appeals to consider and *weigh* all the evidence when conducting a factual sufficiency review. *In re King's Estate*, 150 Tex. 662, 666, 244 S.W.2d 660, 662 (1951). All that is required are these safeguards: (1) a deferential standard of review; (2) a prohibition against rendition of judgment; and (3) a requirement that the court of appeals set out in detail the evidence in the case along with its reasons for concluding that the jury's verdict was contrary to the evidence. *Cropper*, 754 S.W.2d at 651.

Thus, the majority is in error when it concludes that Texas courts may not disagree with the jurors' weighing of the evidence. It is not possible for appellate courts to reverse a criminal conviction "upon the facts" without doing so. The appellate court is prohibited only from substituting its judgment on the weight of the evidence for that of the jury. The appellate court does not substitute its judgment when it merely remands the case to a new jury. Thus, remand for new trial is

permitted under *Tibbs* and *required* under *Cropper*.

### There Can Be More Than One "Deferential" Standard of Review

The defendant's constitutional right to trial by jury requires the appellate court to review the jury's findings under a deferential standard. *Cropper*, 754 S.W.2d at 651. The majority contends that the jury's verdict in a criminal case must be viewed "in the light most favorable to the prosecution" in order to be deferential, and that any "neutral" review of the facts is constitutionally fatal. However, this argument fails to recognize that there can be varying degrees of deference, and that this is the key to having more than one standard of review. If the jury's determination of weight and credibility is given absolute deference, then the defendant is denied his constitutional right to an appellate review of these important questions of fact. On the other hand, if the jury's findings are accorded no deference, then the appellate court is substituting its judgment for the jury's, and the defendant is denied his constitutional right to trial by jury. Clearly, degrees of deference must be distinguished if these competing constitutional principles are to be balanced.

The standard of review adopted by the Third Court of Appeals requires an appellate court to review and weigh all of the evidence, and to set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Stone*, 823 S.W.2d at 381. This is the same factual sufficiency standard approved for use in civil cases by the Texas Supreme Court. *See, e.g., Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). The majority says that this standard of review fails to show deference to the jury and amounts to a substitution of the appellate court's judgment for the jury's on issues of weight and credibility. However, the supreme court has consistently rejected this argument for nearly 100 years, holding that an appellate court does not substitute its judgment for that of the jury when it merely awards a new trial. *See, e.g., Choate v. San Antonio & A.P. Ry. Co.*, 91 Tex. 406, 419, 44

S.W. 69, 70 (1898); *see also, e.g., Pool,* 715 S.W.2d at 633–34. The supreme court has also expressly approved the "contrary to the overwhelming weight of the evidence" standard of review as adequately deferential. *Cropper,* 754 S.W.2d at 651.

As the majority acknowledges, the standard of review adopted in *Stone* places a burden on the appellant that is greater than the burden of proof on a civil plaintiff. It is this burden on appeal that is the true measure by which to judge the deference accorded the jury's verdict.

The *Jackson* standard, in contrast, requires complete and total deference to the jury's weight and credibility determinations. The reviewing court may not reweigh evidence or scrutinize the jury's reasoning in any way. *Jackson,* 443 U.S. at 320 n. 13, 99 S.Ct. at 2789–90 n. 13; *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). Such complete deference denies the defendant his right to an appellate review of these fact questions.

### The Higher Burden of Proof at Trial Does Not Preclude an Intermediate Standard for Reviewing Factual Sufficiency

Finally, the majority suggests that the much higher "beyond a reasonable doubt" burden of proof in criminal cases precludes adoption of a separate standard for reviewing the factual sufficiency of the evidence. How, the majority asks, can a legally sufficient verdict of guilt beyond a reasonable doubt be manifestly unjust and clearly wrong?

For the answer to this question, one need look no further than the United States Supreme Court's decision in *Tibbs,* which considered and rejected this very argument. *Tibbs* is a prime example of a case in which the defendant's conviction is supported by legally sufficient evidence, but reversed on evidentiary weight.[2] Said the Court: "trial and appellate judges commonly distinguish between the weight and the sufficiency of the evidence. We have no reason to believe that today's decision will erode the demonstrated ability of judges to distinguish legally sufficient evidence from evidence that rationally supports a verdict." *Tibbs,* 457 U.S. at 44–45, 102 S.Ct. at 2219–20.

Theoretically, the higher the burden of proof at trial, the easier it is for an appellate court to decide that the evidence is factually insufficient to meet that burden. *See Williams v. Knott,* 690 S.W.2d 605, 610 (Tex. App.—Austin 1985, no writ). Many courts, including this one, have done this in civil cases by changing the standard of review to track the burden of proof at trial. *See, e.g., Neiswander v. Bailey,* 645 S.W.2d 835, 835–36 (Tex.App.—Dallas 1982, no writ) (where burden of proof is clear and convincing evidence, standard of review is whether jury could reasonably conclude that existence of fact is "highly probable"). *Stone* rejects this approach, instead adopting a single "contrary to the overwhelming weight of the evidence" standard of review that places the greatest burden on the appellant consistent with the right to appellate review of the facts.

It is incongruous, to say the least, for the majority to complain both that *Stone* would be difficult to apply and that it fails to accord any deference to the jury. It is the great deference accorded by *Stone* that makes the standard more difficult to meet. The mere fact that the line between factually sufficient and factually insufficient evidence may be difficult to draw does not mean that we may forsake our constitutional duty to provide an appellate review of this fact question.

### Other Decisions Rejecting *Stone* are Poorly Reasoned

I recognize that other courts have also rejected *Stone* for reasons similar to those given by the majority. Some have said that a factual sufficiency review is available only for issues on which the defendant had the

---

**2.** One might also consider this variation on the classic hypothetical: The prosecution's sole witness, a paid informant, testifies that he saw the defendant commit a crime. Twenty nuns testify that the defendant was with them at the time, far from the scene of the crime. Twenty more nuns testify that they saw the informant commit the crime. If the defendant is convicted, he has no remedy under *Jackson* because the informant's testimony, however incredible, is legally sufficient evidence.

burden of proof. *See, e.g., Pender v. State,* 850 S.W.2d 201, 203 (Tex.App.—Fort Worth 1993, no pet. h.). However, there is nothing in the Texas Constitution that places such a restriction on our appellate jurisdiction over questions of fact. TEX.CONST. art. art. V, § 6. In civil cases, the same constitutional provision has long been interpreted to authorize a factual sufficiency review of any fact issue, regardless of which party had the burden of proof. *Compare Cain,* 709 S.W.2d at 176 (there may be insufficient evidence to support finding on issue on which appellant did not have burden of proof) *with Cropper,* 754 S.W.2d at 650–51 (failure of jury to find for appellant on issue on which he had burden of proof may be against great weight and preponderance of the evidence).

Another court has held that a factual sufficiency review is available in criminal cases only on issues where the burden of proof is by a preponderance of the evidence. *Richard v. State,* 830 S.W.2d 208, 213 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). That court suggested that allowing appellate courts to review the proof of the elements of an offense on a great weight and preponderance of the evidence standard rather than on the beyond a reasonable doubt standard would actually lessen the State's burden. *Id.*

To the contrary, a factual sufficiency review of criminal convictions is actually a higher standard of review than the minimum standard set forth in *Jackson. Stone,* 823 S.W.2d at 379; *Minor v. State,* 653 S.W.2d 349, 354 (Tex.App.—San Antonio) (Cadena, C.J., concurring), *pet. ref'd,* 657 S.W.2d 811 (Tex.Crim.App.1983). A factual sufficiency review theoretically allows convictions to be reversed even if the evidence is legally sufficient to have permitted a rational finder of fact to have found the elements of the offense beyond a reasonable doubt. *See supra* note 2.

### Conclusion

This Court has a constitutional and statutory duty to provide appellate review of all questions of fact in a criminal case, including the factual sufficiency of the evidence of the elements of the offense. This duty must be balanced against the defendant's right to tri-

al by jury, which makes the jury the exclusive judge of the weight and credibility of the evidence. Our duty to review fact questions should not be completely sacrificed by according total deference to the jury's resolution of these questions.

The *Jackson* standard of review is a test to determine if fact questions exist; it *assumes* that the jury has accorded the proper weight to the evidence and so cannot serve as a standard for reviewing the weight of the evidence. *Jackson* is the *minimum* standard for protecting the defendant's due process rights; there is nothing in the Federal Constitution that prevents our State from creating an additional higher standard. It is ironic that the Court relies on the Double Jeopardy Clause to "protect" a defendant from the new trial he desires.

I would adopt the *Stone* standard for reviewing the factual sufficiency of the evidence of the elements of a criminal offense. It is a standard that has already been approved for use in civil cases by the Texas Supreme Court because it is a fair balance between the right to appellate review of fact questions and the right to have those fact questions ultimately decided in a trial by jury.

By passing a 1977 amendment to the Texas Constitution provision regarding appellate review of fact questions, the public in essence confirmed the authority of the courts of appeals to review evidence based upon the standards previously established by the supreme court. *Meraz,* 785 S.W.2d at 153. *Stone* wisely adopts such a previously established standard.

It is important to remember that the goal of our criminal justice system is to convict the guilty and exonerate the innocent. *Herrera v. Collins,* —— U.S. ——, ——, 113 S.Ct. 853, 859, 122 L.Ed.2d 203 (1993); *United States v. Nobles,* 422 U.S. 225, 230, 95 S.Ct. 2160, 2166, 45 L.Ed.2d 141 (1975). An innocent person convicted on the basis of false testimony has no remedy under *Jackson.* A "corrupt, biased or silly verdict" is as possible in criminal cases as in civil cases, and the stakes are much higher. A factual sufficiency review is the only check against these

admittedly rare occurrences. *See Cropper,* 754 S.W.2d at 652; *see also Tibbs,* 457 U.S. at 44 n. 22, 102 S.Ct. at 2219–20 n. 22 (factual sufficiency review helps shield defendants from "unjust convictions"); *see also Minor,* 653 S.W.2d at 354 (Cadena, C.J., concurring) (factual sufficiency review protects against "a serious miscarriage of justice").

I concur in the judgment of the Court because the evidence in this case is factually sufficient to support the conviction under *Stone.*