Reeves-JW v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-038-CR

     JACK WAYNE REEVES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 13,813
                                                                                                    

CONCURRING OPINION
                                                                                                    

      Although I join the Court's opinion, I write separately to urge the Court of Criminal Appeals
to reexamine the standard of review adopted in Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).
      Clewis applies to a review of the factual sufficiency of the evidence to support the affirmative
finding of the elements of the offense. Under the standard, a reviewing court "views all the
evidence without the prism of `in the light most favorable to the prosecution' ... [and] set[s] aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust." Id. My concern is whether the Clewis standard properly reflects the State's
burden of proof at trial—beyond a reasonable doubt.
      In setting the standard for reviewing the findings of fact on the elements of an offense, the
Clewis opinion barely addresses an initial question which civil appellate lawyers describe as
essential: Who had the burden of proof at trial? William V. Dorsaneo, III, 6 Texas Litigation
Guide § 151.05[3][b][iii] (1996); W. Wendell Hall, Revisiting Standards of Review in Civil
Appeals, 24 St. Mary's L. J. 1041, 1138-39 (1993); R. Orsinger, Successful Challenges to Legal
and Factual Sufficiency, 1991 Advanced Civil Appellate Course, State Bar of Texas, N17-19; W.
Wendell Hall, Standards of Appellate Review in Civil Appeals, 21 St. Mary's L. J. 865, 909-10
(1990); R. Townsend, W. Wendell Hall, & Madelyn DeWoody, Standards of Review and
Reversible Error, 1990 Advanced Civil Appellate Course, State Bar of Texas, F21-22; see also
William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence,"
69 Tex. L. Rev. 515, 517-19 n.7-11 (1991).
      In civil cases, when an appellate court considers a "factually insufficient evidence" challenge,
asserted by the party who did not have the burden of proof at trial, the reviewing court must
consider and weigh all of the evidence in the case and set aside the verdict and remand the cause
for a new trial if it concludes that the verdict is so against the great weight and preponderance of
the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661
(1951). Reversal can occur because the finding was based on weak or insufficient evidence or
because the proponent's proof, although adequate if taken alone, is overwhelmed by the
opponent's contrary proof. William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence"
and "Insufficient Evidence," 69 Tex. L. Rev. 515, 519 n.11 (1991).
      When an appellate court considers a "contrary to the weight and preponderance" challenge
against a "failure to find," asserted by the party who did have the burden of proof at trial, the
reviewing court may reverse and remand a case for a new trial when it concludes that the jury's
"failure to find" is against the great weight and preponderance of the evidence. Cropper v.
Caterpillar Tractor Co., 754 S.W.2d 646, 651 (Tex. 1988).
      It has been said that the difference in phrasing the formulations of the civil factual
insufficiency standards is "merely semantical" and that the standards are "identical." Clewis, 876
S.W.2d 428, 432, 432 n.10 (Tex. App.—Dallas 1994), rev'd, 922 S.W.2d 126. Indeed, the two
propositions are often cited as one. E.g., White v. Liberty Eylau ISD, 920 S.W.2d 809, 813-14
(Tex. App.—Texarkana 1996, writ denied); Ocean Transport, Inc. v. Greycas, Inc., 878 S.W.2d
256, 262-63 (Tex. App.—Corpus Christi 1994, writ denied); Downen v. Texas Gulf Shrimp Co.,
846 S.W.2d 506, 509 (Tex. App.—Corpus Christi 1993, writ denied). Even if the difference is
semantical in civil cases, my view is that the difference is substantive in the criminal context,
because of the State's greater burden of proof at trial.
      In the first criminal case to apply a factual-sufficiency review to the elements of an offense,
the Austin Court rejected the factual-insufficiency test in favor of the against-the-great-weight-and-preponderance test because the former "does not import the preponderance-of-the-evidence burden
of proof." Stone v. State, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely
filed). The Clewis opinion simply holds that the review standard enunciated in Stone correctly
acknowledges the trial standard. Clewis, 922 S.W.2d at 129; Stone, 823 S.W.2d at 381. Neither
opinion explains how. The Austin Court assessed the difference in the civil standards:
 A great-weight-and-preponderance point of error and a factually-insufficient-evidence point
of error both challenge the factual sufficiency of the evidence, but by convention in civil
cases, different names are used to identify which party had the burden of proof. When the
jury gives an answer adverse to a party on an issue on which the party did not have the burden
of proof, the jury finding is properly attacked by a factually-insufficient-evidence point of
error. When the jury gives an answer adverse to a party on an issue on which the party did
have the burden of proof, the jury finding is properly attacked by an against-the-great-
weight-and-preponderance point of error. See Michol O'Connor, Appealing Jury Findings,
12 Hous.L.Rev. 65, 67 (1974). Technically, therefore, the criminal defendant would attack
the jury's guilty verdict by means of a factually-insufficient-evidence point of error, although
a failure to frame properly the point of error should not result in waiver. A criminal
defendant properly attacks the jury's failure to find the elements of his affirmative defense by
means of an against-the-great-weight-and-preponderance point of error. Because the criminal
defendant's burden of proof on the affirmative defense is by a preponderance of the evidence,
the phrasing of the point of error is logically consistent with the underlying burden of proof,
just as it is in a civil case.
Stone, 823 S.W.2d at 380-81.
      The standard adopted by Clewis is the same standard enunciated in Meraz v. State, 785
S.W.2d 146 (Tex. Crim. App. 1990). The Meraz standard is proper when a defendant challenges
the jury's rejection of an affirmative defense on which the defendant had the burden of proof by
a preponderance of the evidence. With respect to factual-sufficiency challenges by parties who
had the burden of proof at trial, Meraz "harmonizes the criminal and civil jurisprudence of this
State with regard to appellate review of questions of factual sufficiency." Clewis, 922 S.W.2d at
129. Why? Because under the Meraz standard, the question is: Was the finding contrary to the
overwhelming weight of the evidence on the issue? In other words, did the jury, in order to
convict the defendant, reject evidence in favor of the affirmative defense which outweighed the
contrary evidence?
      Conversely, when a defendant complains of factual insufficiency of the evidence to support
the finding on the elements of the offense, on which the State had the burden, the reviewing court
should not ask whether the weight of the evidence actually favored acquittal, as the Clewis
standard suggests (was the verdict contrary to the overwhelming weight of the evidence?). Rather,
the court should ask whether the weight of the evidence is sufficient to reach the trial standard of
beyond a reasonable doubt. This difference takes into account that evidence in favor of conviction
could outweigh the contrary evidence and still be factually insufficient to satisfy the reasonable-doubt standard.
      The correct formulation would ask whether a review of all the evidence, both for and against
the finding, demonstrates that the finding of guilt is clearly wrong and unjust. Reversal for a new
trial could occur because the finding was based on weak or insufficient evidence or because the
proof of guilt, although adequate if taken alone, is offset by contrary proof to the extent that the
reasonable-doubt standard is not satisfied.
      One solution would be to recognize the burden of proof at trial in the statement of the review
standard: Given that the burden of proof at trial was beyond a reasonable doubt, does a review
of all of the evidence, both for and against the finding, demonstrate that the verdict is clearly
wrong and unjust? Such a standard would recognize that the quantum of proof is greater in the
criminal context.
 
                                                                                 BILL VANCE
                                                                                 Justice

Opinion delivered and filed December 18, 1996
Do not publish